### BLAKE *v.* VOIGHT *et al.*

*(Common Pleas of New York City and County, General Term.* December 1, 1890.)

1. STATUTE OF FRAUDS—AGREEMENTS NOT TO BE PERFORMED WITHIN A YEAR.
    By a writing which contained the terms of an agreement between plaintiff and defendants, but was not signed by the latter, and which was dated November 27, 1888, the agreement was "to 'take place and effect December 1, 1888, for one year." *Held*, that the agreement ran from December 1st, and was therefore not within the statute of frauds as an agreement "by its terms not to be performed within one year from the making thereof." 2 Rev. St. N. Y. p. 135, § 2.

2. CONTRACTS—CONSTRUCTION.
    An agreement by defendants to pay plaintiff commissions on consignments of goods to them for sale, "influenced" by him, for one year, was terminated by defendants, pursuant to its conditions, before the end of the year. *Held*, that plaintiff was entitled to commissions on goods 'consigned and received before the termination of the agreement, although not then sold.

3. SAME—ENTIRE OR SEVERABLE.
    Where defendants had made payments to him of commissions on separate consignments, they could not defeat an action for other commissions by setting up that the agreement was an entire contract.

Appeal from city court, general term.

Action by Frederick D. Blake against Carl Voight, John T. Hand, and Augustus J. Rolle, for commissions for procuring consignments of goods to defendants. The jury found a verdict for plaintiff, and a motion by defendants for a new trial was denied. From the judgment entered on the verdict, and the order denying their motion for a new trial, defendants appealed to the general term of the city court; and from the judgment of affirmance of the general term, defendants again appeal.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Carter, Hughes & Cravath, (Charles E. Hughes,* of counsel,) for appellants. *C. Bainbridge Smith,* for respondent.

PRYOR, J. Appeal from a judgment of the general term of the city court, affirming a judgment on a verdict and an order denying a motion for a new trial. Action to recover a percentage of commissions on consignments of

goods for sale by defendants as factors. The complaint founds the cause of action on an express contract; and the defense is that the agreement was void under the statute of frauds, because "by its terms not to be performed within one year from the making thereof." 2 Rev. St. p. 135, § 2. It appears that the result of the negotiations between the parties was embodied in a paper which exhibits the terms and conditions of their agreement, but which was not signed by defendants. This paper was dated 27th November, 1888, and by its terms was "to take place and effect December 1, 1888, for one year." The contention of counsel for appellant is that the contract is void on its face, because expressly incapable of performance within a year; and he supports his position by an argument of unusual ability and research, to which argument, however, both counsel for the respondent and the court below are content to reply merely that "the statute of frauds is inapplicable." But if, as seems to be conceded by that court and counsel, the contract was made on the 27th of November, 1888, and was to continue for one year from the 1st of December following, the statute is not only applicable, but is a complete bar to the action. In terms, the contract was to continue "for one year," but one year from when? Whether from 27th of November or 1st of December is immaterial; for in either event it was to subsist only for a year, and so was valid, although not subscribed by defendants, "the party to be charged." An alternating construction remains, namely, that the agreement was made on the 27th of November, and was to continue for a year from the 1st of December following; upon which hypothesis the contract would be plainly invalid. But, was the contract made on the 27th of November? The language is: "This agreement to take place and effect December 1, 1888." In effect, on 27th of November, the parties say: "This is the contract we intend to make, but we postpone making it till 1st of December." Thus, the contract had its inception on the 1st of December; was then for the first time an effectual instrument; and prior to that period was inchoate and ambulatory. In other words, though the minds of the parties were at one on the 27th of November, the agreement did not "take place" till the 1st of December. Although on the 27th of November the terms of the anticipated agreement were reciprocally acceptable to the parties, they expressly deferred the "making" of it until the 1st of December. Prior to December 1st the contract existed merely in contemplation and expectation. Then only did it become an operative actuality; and so, "from the making thereof," performance was not suspended for more than "one year." Since the parties *ex industria* have inserted in their contract an express provision that it is "for one year," I cannot infer that it has a longer duration. But, supposing the language of the instrument to be equivocal, *ut res valeat*, it will be construed to run from the 1st of December rather than from the 27th of November, as thus the right will be upheld instead of being defeated. I conclude that the agreement sued on was, by its terms, to be performed within a year "from the making thereof," and so was valid, although not "subscribed by the parties to be charged therewith." In the other points of appellants we perceive still less merit.

1. Pursuant to a condition in the contract, defendants terminated it on the 3d of June, 1889; and they now contend that plaintiff is not entitled to a percentage of commissions on goods unsold when the contract ended, although consigned and received before. The agreement was that plaintiff was to be paid for the consignments which he "influenced;" and it is not disputed that his "influence" directed the consignments. In the strictest sense of the contract, plaintiff had earned his reward by rendering the stipulated service; and the defendants could not, by an arbitrary exercise of their option, deprive him of the compensation to which he had already entitled himself. In *Manufacturing Co.* v. *Holbrook*, 118 N. Y. 586, 23 N. E. Rep. 908, the contract reserved to a party the right "to terminate it at any time;" but the court said (page 592, 118 N. Y., and page 909, 23 N. E. Rep.) the right to terminate had one

limitation,—the time of its exercise was subject to the ordinary requirements of good faith after the contract was obtained, and, the agents' right to profits assured, it could not be put at end in bad faith, and for the sole purpose of depriving him of its profits. This was predicated of a reward yet to be earned, but here the plaintiff has earned his compensation by performance of the agreed service.

2. Appellants contend further that the agreement is entire, and that no cause of action for a percentage of the commissions accrued until the close of the business between the parties. But defendants had treated the contract as severable by payments to plaintiff in the progress of the business, and "there is no better way of seeing what the parties intended than seeing what they did under the instrument in dispute." *Chapman* v. *Bluck*, 4 Bing. N. C. 187, 193.

3. The exceptions to the evidence are obviously untenable. The judgment should be affirmed, with costs. All concur.