133 605
158 350

MARTIN BARNEY, Respondent, *v.* LOUIS E. FULLER et al., Appellants.

Where one party to an action seeks to recover for services and sets up a special agreement as to the sum to be paid therefor, which is controverted by the other, who also alleges a special agreement, and the testimony is conflicting upon this issue, it is proper for either party to prove the value of the services, both as bearing upon the issue raised and the probability that one or the other agreement was made, and because, in order to settle the controversy, the jury or trial court may find that the minds of the parties did not meet upon any special agreement.
*Marsh* v. *Holbrook* (3 Abb. Ct. App. Dec. 176), distinguished.

(Argued April 18, 1892; decided May 3, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 7, 1891, which affirmed a judgment in favor of

plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The following is the opinion in full:

" The complaint in this action alleged that the defendants were a firm of attorneys and counsellors at law, doing business at Syracuse, New York; that in November, 1887, the plaintiff delivered to one of the defendants the sum of $930, to be retained by his firm until called for by the plaintiff, and that the defendants collected and received for him the further sum of $1,200, under a power of attorney from him; that they refused to pay over the sums thus received, or any part thereof, to him, and unjustly, wrongfully and unlawfully converted the same to their own use ; that before the commencement of the action he duly demanded the sums of money mentioned of the defendants, amounting to $2,130, and he prayed judgment against the defendants for that sum, besides interest. The substance of the answer of the defendants is that they acted as attorneys for the plaintiff under an agreement by which they were to receive $3,000 for their services, and that they received the two sums mentioned in the complaint to apply as payment under that agreement.

" Upon the trial of the action it was undisputed that the defendants had acted as attorneys for the plaintiff, and had rendered services for him as such. The plaintiff gave evidence tending to show that the defendants rendered the services for him under a special agreement, by which they were to have ten dollars per day for their services while actually engaged in his service, besides their expenses when absent from home. The defendants, as witnesses on their own behalf, denied that agreement, and gave evidence tending to show that they rendered the services under a special agreement, by which the plaintiff was to pay them the gross sum of $3,000, and that he was to pay them to apply upon that sum while they were engaged in rendering services the sum of ten dollars per day, besides their expenses. Thus each party disputed the agreement alleged by the other.

" There was no dispute upon the trial that the defendants were entitled to retain out of the moneys which came to their hands whatever compensation was due to them for their

services, and the entire controversy between the parties was as to the amount of that compensation.

" The defendants could not be compelled to pay over to the plaintiff these moneys until they had been paid for their services, and hence it was competent and material upon the trial to determine the agreement between the parties as to the compensation and the amount thereof.

" Upon the trial the plaintiff offered to show by competent evidence the value of the defendants' services. The defendants objected to this evidence, but the trial judge overruled the objection and received the evidence; and in this it is strenuously contended by them that the trial judge committed error. We think the evidence was competent upon two grounds: (1) As the defendants denied under oath the special agreement alleged by the plaintiff, and he denied under oath the special agreement alleged by them, the jury, for the purpose of settling the conflict between the parties, could find that their minds did not meet upon any special agreement. Assuming that the parties on both sides intended to testify truthfully, it must be assumed that they were mistaken, and that the special agreement which each party alleged was not in fact assented to by the other, and thus was not in fact made. If no special agreement was in fact made, then the defendants were entitled to retain for their services the fair value of such services; and hence it was competent for either party to give evidence of that value    (2) It has been held in several cases that where one party to an action to recover the value of services or of property sets up a special agreement as to the price or value, which is controverted by the other party, who also alleges a special agreement, that it is proper for either party to prove the value of the services or of the property, as bearing upon the issue between them, and the probability that the one or the other agreement was made. (*Cornell* v. *Markham*, 19 Hun, 275; *Cornish* v. *Grath*, 36 id. 160; *Knallakan* v. *Beck*, 47 id. 117; *Sturgis* v. *Hendricks*, 51 N. Y. 635; *Kavanagh* v. *Wilson*, 70 id. 177.) Where a plaintiff, in an action to recover for services rendered, claims that the defendant made a special agreement to pay him a certain sum for such services, the defendant denying such agreement, not only has

the right to give evidence directly disproving it and contradicting the plaintiff's evidence in reference thereto, but he has the right also to give evidence showing that it is extremely improbable that such a contract was made; and if he can give evidence showing that the price claimed by the plaintiff is vastly disproportionate to the value of the services, it has a tendency to impair the force of the plaintiff's evidence, and the weight which it would otherwise receive; and we can see no reason to doubt that such evidence is competent. The defendants seem to rely for the exclusion of such evidence mainly upon the case of *Marsh* v. *Holbrook* (3 Abb. Ct. App. Dce. 176), where the plaintiff claimed a special agreement whereby the defendants agreed to pay him for legal services the sum of $5,000, 'if he got the case.' Upon the trial, the defendants did not dispute the special agreement, and in fact admitted it. Under such circumstances, the court did not err in excluding evidence as to the value of the services. If the defendants in that case had disputed the special agreement, and then as bearing upon the existence of such an agreement, had offered to show the value of the services, a different question would have been presented for the consideration of the court.

"We have carefully examined and considered the other exceptions to which our attention has been called, and do not think that they point out any error or need any particular attention now.

"The judgment should be affirmed, with costs."

*T. K. Fuller* for appellants.

*Henry Purcell* for respondent.

EARL, Ch. J., reads for affirmance.
All concur, except ANDREWS, J., taking no part.
Judgment affirmed.