(18 Misc. Rep. 371.)

### STANDISH v. BRADY.

(City Court of New York, General Term. October 30, 1896.)

CUSTOMS AND USAGES—TERMS OF CONTRACT.

     Evidence of a professional custom is admissible to show the improbability of a provision of a contract for services alleged by plaintiff, and denied by defendant.

Appeal from trial term.

Action by May C. Standish against William A. Brady for contractual value of services rendered. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

Dittenhoefer, Gerber & James, for appellant.

Howe & Hummel, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury on a trial before Mr. Justice O'Dwyer, and also from an order denying a motion for a new trial. The plaintiff alleges in her complaint, and proves at the trial, a special agreement, engaging her services as an actress by the defendant, for the season from September 2, 1891, to April 5, 1895, or thereabouts, at a salary of $30 per week. The defendant, in his answer and at the trial, denied that any such agreement was made, and especially denied the duration of the said contract. The defendant, at the trial, offered to prove a uniform custom in the profession,

when an actress is engaged for an inferior character, such as the plaintiff, and the engagement is for the season, to have a contract in writing, with the clause reserving the right to either party to terminate the contract on two weeks' notice.    The offer was objected to; the objection sustained; and the exception taken.    The defendant, by the sixth request, requested the court to charge the substance of the said offer, which request was denied, and exception taken by the defendant.    This brings up squarely the question whether the evidence should have been admitted or not.

The rule of law seems to be, in controversies where a special agreement is alleged to have been made on one side, and is denied on the other, that it is relevant to put in evidence any circumstances which tend to make the proposition at issue either more or less improbable; and this, not to change the contract, but as evidence of what it was, and the probability that the agreement or one of the other was made. Barney v. Fuller, 133 N. Y. 605–607, 30 N. E. 1007, 1008; Rubino v. Scott, 118 N. Y. 662, 22 N. E. 1103; Ostrander v. Snyder, 73 Hun, 378– 382, 26 N. Y. Supp. 263, 266; Cornell v. Markham, 19 Hun, 275, at page 276.    On that rule, we think that the rejected evidence should have been admitted.

The exception being an error, judgment and order must be reversed, with costs to the appellant to abide the event.    All concur.