(23 App. Div. 57.)

## FLAGG v. REILLY et al.

(Supreme Court, Appellate Division, Second Department.   December 7, 1897.)

CONTRACT FOR SERVICES—SPECIAL AGREEMENT.—EVIDENCE OF VALUE.

Where one party to an action to recover the value of services sets up a special agreement as to the value, which is controverted by the other party, who also alleges a special agreement, it is proper for either party to prove the value of the services, as bearing upon the issue between them, and the probability that the one or the other agreement was made.

Appeal from trial term.

Action by John Flagg against William F. Reilly and George B. Sherman.   From the judgment, and an order denying a new trial, defendants appeal.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William R. Wilder, for appellants.
Frederick E. Crane, for respondent.

HATCH, J.   The plaintiff claims to recover of the defendants a balance due him as commissions for soliciting life insurance.   The complaint avers a special contract upon the part of the defendants to pay to the plaintiff 25 per cent. of the amount received as premiums upon any insurance which was brought to the defendants through the instrumentality of the plaintiff.   The defendants denied that they made such contract with the plaintiff, and claimed that he was only to receive 10 per cent. for his services in introducing persons to the defendant who should subsequently insure in the company represented by them.   The plaintiff solicited one Meyer to insure, and a policy was issued by the company represented by the defendants, upon the life of Meyer, for $100,000, and one upon the life of his son for $10,000.   The defendants received premiums for such insurance amounting to about $3,500.   They paid to the plaintiff $349.30, and took his receipt in full for his service; this sum amounting to 10 per cent. of the sum received.   The plaintiff claimed that the defendants informed him at the time of this payment that more money was to follow, and that he did not receive the amount in full for his services. To avoid the force of his receipt in full, he testified that he did not read it, nor was it read to him; that, by reason of an affection of the eyes, he was unable to read it, and relied upon the defendants subsequently paying him the balance.   The case for the plaintiff rested entirely upon his own testimony.   This version of the transaction was disputed by the defendants, and each of them swore that the payment of the 10 per cent. was payment in full for the service; that the plaintiff so understood it, and so accepted it, and gave the receipt in pursuance of it.   A bookkeeper of the defendants who drew the receipt and check, and delivered the same, corroborated the defendants, and testified that the payment made was in full; that it was so stated when the check was delivered and the receipt signed; and that the plaintiff said nothing in opposition to such view, and made no claim for more.   It is quite apparent, therefore, that the case made by the plaintiff was very seriously shaken; and, so far as num-

bers went, there was a preponderance against him, not to mention the receipt which he gave. We assume, however, that a case was made which. required submission to the jury. As the conflict between the parties was serious, the defendants ought not to be prejudiced by deprivation of any right to which they were entitled. We think it clear that they have been so prejudiced by the ruling of the court upon the trial, and for the error thus committed a new trial must be had. The defendants sought to prove upon the trial what the usual commission was that was paid to persons employed as was the plaintiff. This was objected to by the plaintiff, and the evidence was excluded by the court. The testimony was admissible. As we have seen, what the contract was between the parties was the subject-matter of the issue, upon which there was direct conflict in the testimony. Under such circumstances the court of appeals has said:

"It has been held in several cases that where one party to an action to recover the value of services or of property sets up a special agreement as to the price or value, which is controverted by the other party, who also alleges a special agreement, it is proper for either party to prove the value of the services or of the property, as bearing upon the issue between them, and the probability that the one or the other agreement was made." Barney v. Fuller, 133 N. Y. 605, 30 N. E. 1007.

The doctrine has full application to this case. And more especially is this true in the present case, in view of the somewhat extraordinary examination conducted by one of the jurors, followed by the expression of an opinion upon his part that:

"If you employ me for your own business, do you give me less than an old man? You ought to give me more money if I got out and make more business and more money."

It was conceded that the plaintiff had never engaged in the insurance business before, and was unacquainted with its methods. He does not appear to have solicited more than the one person. Under such circumstances, it was highly prejudicial to the defendants to have a juror obtain an impression that he ought to have been paid more for what he did than a person skilled in the business. In view of such opinion held by the juror, it became of vital importance for the defendants to show, if they could, that employment of unskilled persons was paid at less rates than was paid to skilled persons; otherwise they stood condemned in the mind of the jury. In view of the examination referred to, and this expression of opinion by the juror before the trial was finished and the evidence in, we should hesitate about supporting this judgment if there were no other reason for setting it aside.

In the course of the examination, counsel for the plaintiff examined the defendant Reilly upon the subject of how much the defendants received as premiums, and when; also, as to whether they were not to receive more than they had received at the time the plaintiff was paid. The purpose of this examination was to show that in fact more money was to be received by the defendants than they had received at the time payment was made to the plaintiff, and therefore the inference was permissible that plaintiff was correct in his statement that he was to receive more when that event happened. If such was

48 N.Y.S.—35

the fact, the deduction was not only of force, but properly so. The defendants, therefore, had the right to show that they in fact received no more, and were to receive no more. With this object in view, counsel asked what the total amount was which they received. The court interposed by a statement that, "He has already stated that sixty per cent. he received." The witness then stated that the whole amount had been charged back to them by the company, and the policy canceled. Upon motion, this testimony was stricken out. Counsel then asked: "Q. Can you tell us whether you received any more, and give us the exact amount of money, by way of writing this insurance?" This was objected to, and excluded. We think that the testimony should have been received. Its direct purport was to show that in fact the plaintiff had received his percentage upon the amount which the defendants had received, and, therefore, that there was no basis for the inference that they would receive more than they had when they made the payment; and thus would have been answered the claim of the plaintiff. It may be that the fact that the policy was canceled was not admissible for this purpose, as it had not been canceled when the payment was made. If, as is claimed, the policy was in fact canceled by reason of the misrepresentations upon the part of the insured, and the premiums recalled by the company, it would furnish a complete answer to the plaintiff's claim. It is not pleaded, however, and may not, therefore, be considered.

For the errors suggested, the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.