(29 Misc. Rep. 111.)

### WILLIS v. ROSE.

(Supreme Court, Appellate Term.  October 4, 1899.)

EMPLOYMENT—TERMINATION.

> Under defendant's contract to pay plaintiff a certain amount per week for four months for his services in selling building lots under a certain plan of sale, with provision that, if the plan was abandoned by defendant at any time, then no further weekly payments should be made, liability for such payments ceases after such abandonment by defendant, it not being unreasonable or capricious, but after expenditure of several hundred dollars without sale of a lot.

Appeal from municipal court, borough of Manhattan, Third district.

Actions by Charles A. Willis against Arthur M. Rose.  From judgments dismissing the complaints, plaintiff appeals.  Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Charles A. Willis, in pro. per.

FREEDMAN, P. J.  The plaintiff brought two actions, each to recover for work, labor, and services alleged to have been performed for the defendant at an agreed compensation of $35 per week.  There is no dispute as to the facts in the first case.  It appears from the testimony that the defendant, in January, 1899, was the owner of a tract of land known as "Fairview Park."  This tract had been divided into lots or parcels of various sizes and values, and the defendant was desirous of disposing of them for cash as soon and as advantageously as possible.  For this purpose he adopted a certain scheme or plan, proposed by the plaintiff, which, after all or a certain number of the lots had been sold or subscribed for, and certain agreed payments made thereon, involved the distribution or allotment of the several plots of land to the purchasers, by a method which was to be deter-

mined by a vote of a majority of all the purchasers, the evident intent being that a drawing or selection by chance should take place among the lot owners, by means of which each owner would receive a lot, but the value thereof would depend upon fortune. In consideration of the plaintiff's knowledge of the proposed scheme and his disclosing of the same to the defendant, the defendant agreed to employ the plaintiff, and the several contracts between the parties were seemingly merged into a contract signed by the defendant and accepted by the plaintiff, reduced to writing and dated February 3, 1899, and which reads as follows:

"New York, Feb. 3d, 1899.

"I will pay you $250 before February 18th, 1899, on contract dated January 26th, 1899, and will pay you $35 per week, as a drawing account for four months, for your services in selling Fairview property, etc., with the privilege of making a new contract; at the end of that time this agreement to become null and void. I will also pay you a lump sum of $2,750 when allotment is made under the plan. In case the plan or a similar one is abandoned by me at any time, then no further weekly payment or commission is to be paid by me.                                                      A. M. Rose.

"To Charles A. Willis.

"Accepted:                              Charles A. Willis, New York."

The first action was brought to recover for the week from April 17th to April 22d, inclusive, and the second action for the week from April 24th to April 29th, inclusive. The plaintiff predicates his right to recover in both actions upon the foregoing contract. Upon the trial of the first action the plaintiff testified that he had been paid the sum of $250 provided for in the contract and his weekly compensation of $35 up to April 17, 1899, and that on April 24, 1899, he went to the office of the defendant, and had a conversation with him, which resulted in a refusal by the defendant to make any further payments under the contract. The plaintiff then rested his case. The defendant's attorney then made a motion to dismiss the complaint upon the ground that the contract was an illegal one. The plaintiff then asked and was granted leave by the court to reopen his case and introduce further evidence, and he thereupon called the defendant as a witness. During the examination of the defendant by the plaintiff, the following testimony was given:

"Q. After you knew of this plan, at any time did you ever object to the plan, or have you abandoned it? A. Yes, absolutely. Q. When? A. About three or four weeks ago. Q. Tell the exact date you abandoned it. A. About the 16th of April. Q. Did you agree to pay me fully,—did you say you would send me a check down to the 24th of April? A. I do not remember that. Q. Did you abandon it at that time? A. I did. Q. You notified me that you had abandoned it? A. Certainly."

This testimony was not contradicted by the plaintiff. At the close of the trial of this action, the defendant's counsel moved for a dismissal of the complaint upon the ground, among others, that, "prior to the time the wages sued for accrued, the defendant had, in pursuance of the authority given him in the contract, abandoned the scheme." Decision thereon was reserved by the trial judge, and the motion was finally granted, and the complaint dismissed. In the trial of the second action, it was consented that the testimony

taken in the first action should be deemed as taken in the second, and to form a part of the same.    No new testimony affecting the result was given in the second trial, although the plaintiff testified that he had no knowledge of any change of plan regarding the sale of the lots until May 6, 1899.    At the close of the second trial, the defendant's attorney made the same motion for a dismissal of the complaint as in the first trial, which motion was also granted, but without costs.    We think that the disposition made of the cases by the court below was correct.    Without passing upon the question of the alleged illegality of the scheme for the disposal of the lots of the defendant, which was claimed by the defendant to have been in the nature of a lottery, and therefore illegal, the final contract entered into between the parties gave to the defendant the right to abandon the proposed plan at any time, and that upon such abandonment by him the weekly payments should cease.    The testimony in the first trial was undisputed that the plan had been abandoned by the defendant, and that the plaintiff had notice thereof on April 16, 1899, and that his weekly compensation was fully paid up to that time.    The testimony of the plaintiff in the second trial, to the effect that he had no notice of any change of plan or abandonment of the same until May 6th, simply raised a question of fact for the determination of the trial judge.    The plaintiff made no attempt to show that such abandonment by the defendant was unreasonable, capricious, or unjust, and, in fact, the testimony showed that the defendant had already expended large sums, of which about $600 had been paid to the plaintiff in furtherance of the scheme proposed by the plaintiff, without resulting in the sale of a single lot, and the defendant seemed fully justified in availing himself of the right reserved by him in the contract and accepted by the plaintiff to discontinue further payments thereunder.

Judgment affirmed in each case, but, as respondent failed to appear in court, affirmance is without costs.    All concur.