(32 Misc. Rep. 508.)

### SAGALOWITZ v. PELLMAN et al.

(Supreme Court, Appellate Term.  October 16, 1900.)

1. CONTRACT OF EMPLOYMENT—MUTUALITY.

    Defendant offered to employ plaintiff, who said he could not work by piece work, and defendant said he could work by the week for $20 a week, to which plaintiff replied that $20 was not enough, and defendant responded that he would give plaintiff steady work until the 1st of May following, and the same day plaintiff went to work, and continued to work, being paid $20 a week, save a small sum withheld until the time of his discharge, prior to the 1st of May. *Held*, that if there was a lack of mutuality at the inception of the contract, in that plaintiff did not agree to work for the defendant, the subsequent conduct of the parties established a mutual contract for plaintiff's employment by defendant until the 1st of the following May, at $20 a week.

2. SAME—EVIDENCE.

    Where, in an action by a servant for damages for wrongful discharge, he claimed to have been employed until the following May, and defendant

claimed there had been no contract for such period, it was not prejudicial error to exclude evidence to show that others of defendant's employés were employed by the week, where defendant himself had already testified that he had never employed but one man for a period ending the 1st of May.

Appeal from municipal court, borough of Manhattan.

Action by Jacob Sagalowitz against Samuel M. Pellman and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before BEEKMAN. P. J., and GIEGERICH and O'GORMAN, JJ.

Abraham H. Sarasohn, for appellants.

Rosenthal & Rosenthal, for respondent.

GIEGERICH, J. The pleadings in this cause are oral, and according to the record, the complaint is for "breach of contract of employment." The answer is a general denial. The plaintiff testified that on the 23d day of January, 1900, he had a conversation with the defendants, who were cloak manufacturers in the borough of Manhattan, in the course of which conversation they employed him as an operator on cloaks until the 1st day of May following, at $20 per week. The defendants denied the making of such alleged agreement, and contended that they only employed the plaintiff by the week, but the justice settled the conflict of evidence in favor of the latter by rendering a judgment in his favor for $109.30, besides costs and extra costs. The defendants, in support of the appeal brought on by them, contend that the alleged contract of employment is invalid for lack of mutuality, because the proof fails to show that the plaintiff agreed with the defendants to work until May 1st. The record, however, does not support such contention. The plaintiff testified on his direct examination:

"Q. State the conversation you had with the defendant. A. He told me he wanted to take me to work. Q. What else? A. I told him then I could not make piece work. He said, 'All right, you can work here by the week.' Q. Well, go ahead. A. He told me that he'll give me $20 a week until the 1st day of May. Q. What did you say? A. I told him that it isn't enough,—$20. He said, therefore, 'I give you steady work till May; you don't need to stop.' Q. Did you begin to work? A. I started the 23d of January."

Upon cross-examination the plaintiff further testified that on several prior occasions he worked for the defendants "by the piece"; that he called upon them at their request, and that he went to work for the defendants the same day he had the above-noted conversation with them. Such conversation fairly imports a mutuality of contract, giving rise to a duty on the part of the defendants to receive the plaintiff in their employ until the 1st day of May following, at $20 per week, and a reciprocal obligation on the part of the plaintiff to enter the defendants' employment for such period and upon the said terms.

Assuming, however, for the sake of argument, that there was no mutuality in the inception of the contract, such want of mutuality may, nevertheless, be remedied by the subsequent conduct of the

parties, or by the execution of the agreement. 7 Am. & Eng. Enc. Law (2d Ed.) p. 115. The proof brings the case within this principle. The plaintiff testified that he started to work for the defendants on the said 23d day of January, 1900, and continued in their employ until the 18th day of March of the same year, when he was discharged; that in each week during such period the defendants paid to him $19, and withheld $1, against the will of the plaintiff. Regarding the circumstances of his discharge, the plaintiff testified:

"Q. Well, did he give you the reason why he discharged you? A. He says he hasn't much to do. Q. Did you tell him that you were engaged up to May 1st? A. Yes. Q. What did he say to that? A. He told me then, 'If you want to work by the piece, then it's all right; I can't afford to pay you $20 a week.' Q. And you refused to work by the piece? A. Yes, sir."

An admission by the defendants of the validity of the contract may be fairly inferred from this testimony, as well as from that given by one Louis Lipshitz, who testified that he informed one of the defendants of his disinclination to enter the defendants' employ without an agreement in writing on their part to employ him until the 1st day of May next, at $15 per week, to which this defendant rejoined: "For what you want an agreement? This other man (Sagalowitz) gets more. He gets $20 a week, and he believes me on my word." "Q. Did you remain to work? A. I refused to work."

Error is also claimed in the exclusion of evidence tending to show the number of persons in the defendants' employ at the time when the contract in suit was made, and that other employés were employed by the week as distinguished from an employment until the month of May following. We do not think, however, that this error, if error it was, is sufficient to call for a reversal of the judgment, in view of the fact that the witness had already testified that he never had employed a man for a period ending the 1st of May, except one man, who was a designer. This, we think, fully covered all that the defendants were entitled to show in the matter.

The cases cited by the appellants, viz. Flagg v. Reilly, 23 App. Div. 57, 48 N. Y. Supp. 544, and Krieger v. Kaye (Sup.) 65 N. Y. Supp. 213, have no application, for the reason that they differ essentially in their facts from those of the present case. The former was an action to recover a balance of commissions for soliciting a policy of insurance. The plaintiff claimed that he was promised a commission of 25 per cent., while the defendant claimed that the commission was to be only 10 per cent. The latter sought to prove upon the trial what the usual commission was that was paid to persons employed as was the plaintiff. The evidence was excluded, and upon appeal it was held that this ruling was error. The other case was one to recover damages for an alleged breach of contract of employment. The plaintiff claimed that he was hired for a year, which the defendants denied. The plaintiff, against the latter's objection and exception, was permitted to show, by the testimony of third persons, that he had a contract with them for one year at the time he entered into negotiations with the defendants. This court held that such testimony was proper, since it bore upon the probability of the plaintiff of throwing up such agreement, as he did,

without securing from the defendants another one of equal, if not greater, advantage.

There being no other ground of asserted error apparent in the record, the judgment should be affirmed, with costs. All concur.