Jacob Sagalowitz, Respondent, *v.* Samuel M. Pellman et al., Appellants.

(Supreme Court, Appellate Term, October, 1900.)

Contract — Mutuality.

> A contract for services, lacking mutuality in that the employee failed at the time of making the contract to promise the employer that he would render services during the term, may be remedied as to the want of mutuality by the subsequent conduct of the parties or by subsequent admissions of the employer that the contract is still in existence.

Appeal by the defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, rendered in favor of the plaintiff upon a trial had before the court, without a jury.

The nature of the action and the material facts are stated in the opinion.

Abraham H. Sarasohn, for appellants.

Rosenthal & Rosenthal, for respondent.

Giegerich, J. The pleadings in this cause are oral, and, according to the record, the complaint is for " breach of contract of employment." The answer is a general denial.

The plaintiff testified that on the 23d day of January, 1900, he had a conversation with the defendants, who were cloak manufacturers in the borough of Manhattan, in the course of which conversation they employed him as an operator on cloaks until the first day of May following, at twenty dollars per week. The defendants denied the making of such alleged agreement and contended that they only employed the plaintiff by the week, but the justice settled the conflict of evidence in favor of the latter by rendering a judgment in his favor for $109.30, besides costs and extra costs.

The defendants, in support of the appeal brought on by them, contend that the alleged contract of employment is invalid for

lack of mutuality, because the proof fails to show that the plaintiff agreed with the defendants to work until May first. The record, however, does not support such contention.

The plaintiff testified on his direct examination: " Q. State the conversation you had with the defendant? A. He told me he wanted to take me to work. Q. What else? A. I told him then I could not make piecework; he said, " All right; you can work here by the week.' Q. Well, go ahead. A. He told me that he'll give me $20 a week until the first day of May. Q. What did you say? A. I told him that it isn't enough, $20; he said, ' Therefore, I give you steady work till May; you don't need to stop.' Q. Did you begin to work? A. I started the 23d of January." Upon cross-examination, the plaintiff further testified that on several prior occasions he worked for the defendants " by the piece"; that he called upon them at their request, and that he went to work for the defendants the same day he had the above-noted conversation with them. Such conversation fairly imports a mutuality of contract, giving rise to a duty on the part of the defendants to receive the plaintiff in their employ until the first day of May following, at twenty dollars per week, and a reciprocal obligation on the part of the plaintiff to enter the defendants' employment for such period and upon the said terms.

Assuming, however, for the sake of argument, that there was no mutuality in the inception of the contract, such want of mutuality may, nevertheless, be remedied by the subsequent conduct of the parties, or by the execution of the agreement. 7 Am. & Eng. Ency. of Law (2d ed.), 115. The proof brings the case within this principle. The plaintiff testified that he started to work for the defendants on the said 23d day of January, 1900, and continued in their employ until the eighteenth day of March of the same year, when he was discharged; that in each week during such period the defendants paid to him nineteen dollars and withheld one dollar, against the will of the plaintiff. Regarding the circumstances of his discharge, the plaintiff testified: " Q. Well, did he give you the reason why he discharged you? A. He says he hasn't much to do. Q. Did you tell him that you were engaged up to May 1st. A. Yes. Q. What did he say to that? A. He told me then ' If you want to work by the piece, then it's all right. I can't afford to pay you $20 a week.' Q. And you refused to work by the piece? A. Yes, sir." An admission

Supreme Court, Appellate Term, October, 1900.    [Vol. 32.

by the defendants of the validity of the contract may be fairly inferred. from this testimony as well as from that given by one Louis Lipshitz, who testified that he informed one of the defendants of his disinclination to enter the defendants' employ without an agreement in writing on their part to employ him until the first day of May next at fifteen dollars per week, to which this defendant rejoined: " For what you want an agreement; this other man Sagalowitz gets more, he gets $20 a week, and he believes me on my word.   Q. Did you remain to work?   A. I refused to work."

Error is also claimed in the exclusion of evidence tending to show the number of persons in the defendants' employ at the time when the contract in suit was made, and that other employees were employed by the week as distinguished from an employment until the month of May following. We do not think, however, that this error, if error it was, is sufficient to call for a reversal of the judgment in view of the fact that the witness had already testified that he never had employed a man for a period ending the first of May, except one man, who was a designer. This, we think, fully covered all that the defendants were entitled to show in the matter.

The cases cited by the appellants, viz.: Flagg v. Reilly, 23 App. Div. 57, and Krieger v. Kaye, 31 Misc. Rep. 775; 65 N. Y. Supp. 213, have no application for the reason that they differ essentially in their facts from those of the present case. The former was an action to recover a balance of commissions for soliciting a policy of insurance. The plaintiff claimed that he was promised a commission of twenty-five per cent., while the defendant claimed that the commission was to be only ten per cent. The latter sought to prove upon the trial what the usual commission was, that was paid to persons employed as was the plaintiff. The evidence was excluded and upon appeal it was held that this ruling was error. The other case was one to recover damages for an alleged breach of contract of employment. The plaintiff claimed that he was hired for a year, which the defendants denied. The plaintiff, against the latter's objection and exception, was permitted to show by the testimony of third persons that he had a contract with them for one year at the time he entered into negotiations with the defendants. This court held that such testimony was proper, since it bore upon the probability of the plaintiff throwing up such

agreement, as he did, without securing from the defendants another one of equal, if not greater, advantage.

There being no other ground of asserted error apparent in the record, the judgment should be affirmed, with costs.

BEEKMAN, P. J., and O'GORMAN, J., concur.

Judgment affirmed, with costs.