### DUGGAN v. WILLIAMS.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

CORPORATIONS ⬥121—SALE OF STOCK—EVIDENCE—DIVIDENDS—VALUE.

In an action to recover a balance alleged to be due on a sale of stock, where there was a dispute as to the price, evidence whether the corporation had ever paid dividends, and whether the buyer at the time of sale knew the actual value of the stock, was improperly excluded; such matters bearing on the truth of the respective contentions of the parties as to the price.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 504, 505; Dec. Dig. ⬥121.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Thomas F. Duggan against George B. Williams. Judgment for plaintiff, and defendant appeals. Reversed.

See, also, 149 N. Y. Supp. 908.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Breed, Abbott & Morgan, of New York City (Sumner Ford, of New York City, of counsel), for appellant.

Rosenblatt & Tachna, of New York City (Max Tachna, of New York City, of counsel), for respondent.

PENDLETON, J. The action was brought to recover a balance alleged to be due on a sale of stock. Defendant claimed the agreed price was $1,000, which he had paid; plaintiff that the agreed price was $1,400, of which $400 was still unpaid.

Where there is a dispute between the parties as to the agreed price, evidence of the value of the stock is competent as bearing on the probability of the respective contentions. See Barney v. Fuller, 133 N. Y.

605, 30 N. E. 1007, and other cases. Whether or not the corporation has ever paid a dividend, and whether defendant at the time knew the actual value of the stock, are relevant facts within the above rule. Such evidence was offered and excluded and exceptions taken. This was error, requiring a reversal and the granting of a new trial.

In view of the other rulings made by the court, it is unnecessary to consider whether defendant Williams was shown to be a competent witness as to value. It is to be noted, however, that the objection was not made on that ground, but on the general ground of immateriality; that is, that the value of the stock was immaterial. If it were intended to raise the question of his competency to testify, and the objection had been put on that ground, he might have been qualified.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.