FLOYD L. RANDALL, Plaintiff, *v.* MICHELIN TIRE COMPANY, Defendant.

Supreme Court, Broome County, July 18, 1930.

*William L. Lewis*, for the plaintiff.

*McQuistion & Malcolm*, for the defendant.

PERSONIUS, J. The parties hereto made a contract whereby the plaintiff was to furnish the defendant with warehouse space for its merchandise and the plaintiff was to ship out such merchandise on defendant's orders to dealers in the territory. The defendant agreed to pay therefor five per cent of the value of the goods shipped to the dealers, and guaranteed to ship $100,000 worth of merchandise during 1929. The contract also provided that it was " * * * terminable at the option of either party at any time on written notice."

The defendant gave written notice of cancellation effective August twelfth, and promised to send the plaintiff a credit memorandum for his commissions of five per cent on shipments made.

The plaintiff alleges the contract, his performance, and that the defendant " wrongfully * * * cancelled said agreement," damaging the plaintiff in the sum of $5,000 (five per cent on the guaranteed business for a full year).

A second cause of action alleges the contract, and that the plaintiff, prior to its cancellation, performed services as a warehouseman which were reasonably worth the sum of $3,083.38. Seven and two-fifths months elapsed before the termination of the contract and this amount is the *pro rata* share of the commission on the guaranteed business for that period, but the complaint does not allege the value of the goods actually shipped out by plaintiff.

The first cause of action is for breach of contract — " wrongful " cancellation to the plaintiff's damage. The defendant did not breach the contract. It terminated it pursuant to the express option contained in it. Such termination was not a breach of the contract. (*Clover Milk Co. v. Cushman Bros.*, 31 App. Div. 108; *Blake v. Voight*, 16 Daly, 398; affd., 134 N. Y. 69.)

The former case considered two contracts. One provided that either party might terminate it on notice. The defendant did so. The court said (p. 110): " The referee, therefore, was clearly right in holding that there was no *breach* of this contract in 1894."

The contract being lawfully terminated, the plaintiff became entitled to compensation in accordance with its terms up to the termination. (*Gallo v. Mayor, etc., of N. Y.*, 15 App. Div. 61; *Willis v. Rose*, 29 Misc. 111.) The *Willis* case involved a contract of hiring subject to termination by defendant's abandonment of certain operations. The court said (p. 114): " * * * the final contract * * * gave to the defendant the right to abandon the

proposed plan at any time, and that upon such abandonment the weekly payments should cease."

Recovery subsequent to the abandonment was denied.

The cases cited by the plaintiff involve the right to compensation *earned* prior to the cancellation.

In *Blake* v. *Voight* (*supra*) the plaintiff had "influenced" certain consignments to the defendant prior to cancellation. The consigned goods had not been sold by the defendant and the court merely held that the plaintiff by influencing the consignment had earned his commission and was entitled to it.

All the cases cited by the plaintiff hold merely that the party having a right to terminate a contract at his option, may not, by such termination, prevent the other party from recovering what that other party has earned under the contract *before the termination*.

In the case at bar the plaintiff would seem to be entitled to recover under the contract the commissions earned up to the time of its termination by the defendant. The amount of his recovery would be determined by the provisions of the contract. His first cause of action seeks to recover damages for an alleged breach, "wrongful cancellation," of the contract. Both parties apparently performed the contract from January first to August twelfth, when it came to a lawful termination by being canceled in pursuance of its provisions. The plaintiff should seek recovery under the contract — not for a breach which never occurred.

In the second cause of action, the plaintiff, instead of seeking recovery under the contract for an amount measured by the contract, seeks to recover under the contract in *quantum meruit*. This he cannot do. Where parties agree upon the compensation to be paid, recovery must be in accordance with such agreement, irrespective of reasonable value. (*Marsh* v. *Holbrook*, 3 Abb. Ct. App. Dec. 176, cited with approval in *Barney* v. *Fuller*, 133 N. Y. 605, at p. 608.) In the *Marsh* case the plaintiff alleged both agreed price and reasonable value. The plaintiff proceeded at the trial upon the theory of agreed value. The court said (pp. 178, 179): "And when the plaintiff withdrew all claim upon the *quantum meruit*, and claimed to recover upon a special agreement * * * the actual value of the services rendered became wholly immaterial."

In the *Barney* case each party alleged an agreement but disagreed as to its terms. The court held that it was proper to prove the reasonable value on the theory that it might be found that the minds of the parties did not meet upon any special agreement, whereupon the reasonable value would be the proper measure. But in the case at bar there is no disagreement between the parties.

As both parties agree that there was a contract and as that

contract fixes the plaintiff's compensation, he must recover on the basis of the compensation so fixed and cannot recover the reasonable value of his services.

Defendant's motion granted, with ten dollars costs, and with leave to the plaintiff to serve an amended complaint within twenty days after the service of order with notice of entry. Submit order accordingly.