MARSTON et al. v. BAERENKLAU.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

1. PLEADING AND PROOF—VARIANCE.
    When the complaint counts only on a special agreement to pay a certain sum for a designated service, and the plaintiff's evidence establishes such agreement, and no amendment of the complaint is requested, proof of the value of the service is inadmissible.

2. APPEAL—OBJECTIONS WAIVED.
    When, in such case, the plaintiff acquiesces in the submission to the jury of a single issue as to the special agreement, he cannot be heard on appeal to object that he should have been permitted to recover on a quantum meruit.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Howard T. Marston and David Eilau against Gustave A. Baerenklau.  From a judgment of the city court (32 N. Y. Supp. 785) affirming a judgment entered on a verdict in favor of defendant, plaintiffs appeal.  Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

William E. Morris, for appellants.
James P. Niemann, for respondent.

PRYOR, J.  The action is solely and exclusively on a special agreement by the defendant to pay the plaintiffs $250 for the probate of a will.  The complaint neither makes claim for the value of the service nor alleges the value of the service; and so was plaintiffs' evidence.  The testimony of Eilau was to an express contract by the defendant to pay the plaintiffs $250 for the specific service.  The case was so presented to the jury in the charge of the court,—as depending upon an agreement to pay that sum; and the plaintiffs acquiesced in such submission of that single issue.  How, now, may they object that they were not allowed to claim the value of their service, and recover upon a quantum meruit?  Suggesting no amendment of the complaint on the trial, they are not to be permitted on appeal to impute error to the court in excluding proof of a cause of action of which before there was no intimation.  By the pleadings and by plaintiffs' evidence, the defendant was admonished to prepare for a trial of no other issue than the fact of the alleged agreement; and he was not to be surprised by the litigation of another and inconsistent controversy.  Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698.  It results that the learned trial judge ruled rightly in excluding testimony as to the value of plaintiffs' services.

The other exceptions as to evidence are equally untenable.  Explanation of plaintiffs' demand upon Baaden for a part of the fee received by him was clearly in order, as tending to support defendant's contention that their client was not he, but Baaden.  So, proof that the plaintiffs agreed to assist Baaden in the probate in requital of past favors negatives the allegation of an agreement with defendant for compensation.  The evidence that the executor never employed plaintiffs went straight to the main issue in litigation.

If the court erred in permitting proof of a possible allowance to plaintiffs by the surrogate, to which only a general objection is interposed, the error was repaired by the explicit and repeated instruction that such allowance would not affect the validity of plaintiffs' claim under the alleged contract.

Plaintiffs complain that "the verdict is against the evidence and weight of evidence"; but, as they made no motion for the direction of a verdict in their favor, "no exception presents the question whether there was sufficient evidence to sustain the verdict; and, however unjust it may be, this court is powerless to give relief." Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952. We may add, however, that, upon an attentive examination of the evidence, our conclusion is in accordance with the jury's.

Judgment affirmed, with costs. All concur.