(17 App. Div. 224.)

### H. M. WHITNEY CO. v. STEVENSON.

(Supreme Court, Appellate Division, Third Department. May 18, 1897.)

ACTION FOR SERVICES—PLEADING AND PROOF.

Where one party to an action seeks to recover for services rendered under an alleged agreement to pay the sum demanded, and the other party denies such agreement, and alleges a different agreement, and payment under it, the party seeking to recover may prove the value of the services rendered by him.

Appeal from judgment on report of referee.

Action by the H. M. Whitney Company against Theodore Stevenson. There was a judgment in favor of plaintiff for $2,306.86, and defendant appeals. Reversed.

The plaintiff brought its action upon several promissory notes signed by the defendant, payable to its order, aggregating the sum of $1,909.01. The defendant, in answer, after denying any indebtedness to the plaintiff upon said notes, and alleging that such notes were given without any consideration, as accommodation notes, for the convenience of the plaintiff, further alleged that the plaintiff, being in need of a large sum of money, employed the defendant to raise for it the sum of $8,000, and that in consideration of his services to the plaintiff in raising said sum of money, and having its promissory notes discounted for and during the term of one year, and for services, expenses, and disbursements in procuring such amount of money to be raised upon credit, the plaintiff agreed to pay to him the sum of $2,000, which amount he asserts as a counterclaim to any indebtedness that the plaintiff has against him. The plaintiff, in its reply, after denying its indebtedness to the defendant in the sum of $2,000, and denying that it ever employed him to raise the sum of $8,000, or that it ever agreed to pay him the sum of $2,000 for his services in procuring the discount of its note or notes, or obtaining credit or raising money for it, alleges that the defendant, with others, indorsed certain paper of the plaintiff, under an agreement that the defendant should receive $10 per month for indorsing such paper, in the aggregate amounting to about $6,000, and that said agreement was continued for about two years, and that plaintiff has fully paid the defendant the full amount stipulated. There was a sharp contest as to what the true nature of the agreement between the plaintiff and the defendant was, and the referee found "that the defendant has no offset or counterclaim to said notes, and that the plaintiff, nor its officers or agents, never agreed or promised to pay to the defendant any sum for indorsing its notes, or aiding it to raise money in any other way, except the sum of ten dollars per month for a limited period, all of which sum was paid before the commencement of this action." Upon the trial, the defendant, after giving evidence of the indorsement of the plaintiff's notes, and of his services in procuring their discount, offered proof of the value of the services so rendered by him. Evidence of this character was ruled out by the referee, and his rulings in that respect were sought

to be sustained upon this appeal upon the ground that, the defendant having alleged and given evidence of an agreement for a specific sum, it was immaterial and incompetent for him to prove the value of the services rendered by him; that he must stand or fall by the agreement alleged and testified to by him.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. & T. E. Courtney (Thomas E. Courtney, of counsel), for appellant. Horace L. Bronson, for respondent.

HERRICK, J.    I am unable to distinguish the case before us from that of Barney v. Fuller, 133 N. Y. 605, 30 N. E. 1007.    The syllabus of that case (133 N. Y. 605) so fully and yet succinctly states the rule in such cases that I use it here, instead of attempting to set forth in my own language the rule established by that case.

"Where one party to an action seeks to recover for services, and sets up a special agreement as to the sum to be paid therefor, which is controverted by the other, who also alleges a special agreement, and the testimony is conflicting upon this issue, it is proper for either party to prove the value of the services, both as bearing upon the issue raised and the probability that one or the other agreement was made, and because, in order to settle the controversy, the jury or trial court may find that the minds of the parties did not meet upon any special agreement."

For the error, therefore, in rejecting evidence of the value of the services alleged to have been rendered by the defendant to the plaintiff, the judgment should be reversed, and a new trial granted.

Judgment reversed, referee discharged, and a new trial granted; costs to abide the event.    All concur.