JOHNSON v. SHERMAN et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

1. SERVICES RENDERED A DECEDENT—EXCESSIVE JUDGMENT.

Plaintiff and her husband rented part of decedent's house, and from January 1, 1893, to June 1, 1896, she took care of the rooms occupied by him and his grown-up son. At first, plaintiff's services were quite slight and voluntary, the son taking care of the rooms mainly the first year, and to some extent afterwards; and the washing was done, to a considerable extent, by others. She was ill much of the time until April 1, 1895, when none of the disagreeable part of the work was done by her, or in her behalf, and the most onerous part thereof was performed after April 1, 1895. Decedent was in good health until within a month of his death, and in his last illness

was cared for mainly by others. Plaintiff was not employed as a nurse, nor was her whole time given to decedent's care. *Held,* that a judgment for $1,072 was excessive.

**2. SERVICES—QUANTUM MERUIT—EVIDENCE.**

In an action to recover for personal services rendered a decedent, evidence of the value of a house and lot which decedent verbally agreed that plaintiff should have in payment therefor is incompetent to establish what her services were worth.

Appeal from judgment on report of referee.

Action by Lizzie Johnson against Edgar D. Sherman and others, executors, etc. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Joseph Beal, for appellants.
Joseph D. Senn and Mr. Durham, for respondent.

MERWIN, J. The referee finds that from on or about January 1, 1893, to June 1, 1896, the plaintiff, at the request of the defendants' testator, performed services for him which were of the value, and reasonably worth, the sum of $1,072, for which amount judgment was ordered in her favor, with costs. The defendants claim, among other things, that, assuming the plaintiff has shown a basis for recovery, the evidence does not justify a recovery for the amount fixed by the referee. From the 1st January, 1893, to the time of the death of Mr. Sherman, on June 1, 1896, the plaintiff, with her husband, occupied a portion of the dwelling house of the decedent, under a lease between the husband and the decedent, at the rent of $8 a month. The rent was paid the 1st day of every month. During the same period the decedent and his son occupied, in the same house, one of the lower rooms, and had sleeping rooms above, and had equal privilege of the hall. They took their meals out, at an adjoining house, except a few weeks at an hotel. The decedent was an old man, and partially blind. The son was 19 years old when the plaintiff went there. The services, as the referee finds, consisted in the care of the rooms of the decedent occupied by him and his son; doing their washing, ironing, and mending; reading to the decedent, assisting him, and caring for and waiting upon him. For some considerable time after the plaintiff went there, the services of the plaintiff were quite slight and voluntary upon her part. The first talk with the decedent about compensation, as testified to by the plaintiff's husband, was in July or August, 1893, when the decedent told the husband that they should have ample pay for whatever they did for them. The husband also testifies that in the following December or January they commenced to take care of the rooms, and it was very distasteful to the plaintiff, and the decedent, in substance, told them that if they would stay there during his life, and the plaintiff do the work, he would give her the house and lot. It seems to have been the duty of the son to take care of the rooms. He did do it mainly the first year, and also to some extent afterwards. The item of

washing is regarded by the plaintiff as important. It was, however, shown that this was done, to a considerable extent, by other parties. The plaintiff was not in good health for some time prior to October, 1894, and was ill from about October 15, 1894, to April 1, 1895; and during that time none of the disagreeable part of the work was done by, or in behalf of, the plaintiff. The family physician of the decedent testified that up to a month of the time of his death the decedent was in good health. In his last illness he was cared for mainly by other parties. It is quite clear that the most onerous, if not the principal, services performed by the plaintiff were after April 1, 1895.

The plaintiff was allowed to show that the value of the property which the decedent verbally agreed that the plaintiff should have was $4,000. The referee denied a motion made by the defendants to strike out this evidence as not being the true measure of damages. The other evidence on the part of the plaintiff as to the value of plaintiff's services consists mainly of the answers of several witnesses to hypothetical questions, and the witnesses assume either that the plaintiff was employed as a nurse, or that her whole time was given up to the care of the decedent. Neither of these assumptions are sustained by the evidence. The referee, in his report, finds, as matter of law, that the value of the house and lot referred to is no evidence of the value of the services rendered by the plaintiff. The amount fixed by the referee would be at the rate, upon the average, of about six dollars a week for the whole period from January 1, 1893, to June 1, 1896. According to the evidence on the part of the defendants, the amount fixed by the referee is largely in excess of the reasonable value. A careful consideration of the evidence leads to the conclusion that the evidence is not sufficient to sustain the finding of the referee of the value of the services performed by the plaintiff. Neither is it clear that the evidence as to the value of the property did not affect the result. It was incompetent for that purpose. Erben v. Lorillard, 19 N. Y. 299; Harsha v. Reid, 45 N. Y. 415, 420. A new trial should be granted. All concur.

Judgment reversed on the law and the facts, referee discharged, and new trial granted; costs to abide the event.