## VAN ORDEN v. FOX.

(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

ACTION ON CONTRACT—EVIDENCE.

　　In a suit on a contract to sink a well at an agreed price, which is not disputed, evidence of the value of materials furnished is incompetent.

Appeal from trial term, Greene county.

Action by Wesley T. B. Van Orden against Peter W. Fox. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Jennings & Osborn (Frank H. Osborn, of counsel), for appellant.
Egbert Palmer (C. E. Bloodgood, of counsel), for respondent.

PUTNAM, J. This action was brought by the plaintiff on an express contract made between the parties in November, 1892, by which the former agreed to sink a well for the latter, including the casings thereto, at the agreed price of $1.50 per foot. The complaint alleged, and the answer admitted, that the price agreed upon was $1.50 per foot, and on the trial there was no conflict in the testimony in that regard. It was conceded that in pursuance of the contract the plaintiff sunk a well for the defendant to the depth of 130 feet, and also furnished 100 feet of pipe of the value of 12 cents a foot; so that, if entitled to recover, the verdict should have been $207. The jury, however, found in favor of the plaintiff for the sum of $100. The only issue in the action arose out of the allegation of the defendant in the answer that it was a part of the contract that the plaintiff should procure an ample supply of pure water, suitable for the business in which the defendant was engaged, and that, if he failed to furnish such a supply, he was not to be entitled to any compensation; and that the water flowing from the well did not comply with this agreement,—the plaintiff denying that there was any provision in the contract between the parties relating to the supply or quality of the water. On the trial, one Byers was called as a witness by the plaintiff, and the following questions were asked, objections interposed by the defendant, and rulings made by the trial court:

"Q. Were you familiar with the price of the casing at the time you were putting down the well? A. Yes, sir. Q. How much was it worth per foot? (Objected to by counsel for the defendant as incompetent, irrelevant, and immaterial; that this action is brought to recover a specific compensation claimed by the plaintiff to have been agreed upon between him and the defendant, and evidence as to the value of the material used by the plaintiff is immaterial, incompetent, and inadmissible in this action.) The Court: I will receive it simply for the purpose of showing one circumstance in connection with all the others in regard to the building of this well. (The court overruled this objection, to which ruling the defendant duly excepted.) A. Fifty cents a foot."

We think the court below erred in overruling the objections thus interposed by the defendant to the question asked of the witness as to the value of the casing. The plaintiff sought to recover on a special contract set out in the complaint, under which he was to receive $1.50 a foot for sinking the well for the defendant. On the trial he testified that this price included the casing. There was no conflict in the evidence in this regard, or any denial in the answer as to the contract price. Hence, evidence of the value of the work done or materials furnished in the performance of the job was immaterial and incompetent. Marston v. Baerenklau, 13 Misc. Rep. 13, 33 N. Y. Supp. 994; Marsh v. Holbrook, 3 Abb. Dec. 176. This case is not within those authorities which hold that in an action to recover for services, where the plaintiff counts on a special agreement as to compensation, which is denied by the defendant, who alleges another special agreement, that the value of the services actually rendered may be shown. Whitney v. Stevenson, 17 App. Div. 224, 45 N. Y.

Supp. 552; Barney v. Fuller, 133 N. Y. 605, 30 N. E. 1007. This distinction between this case and the authorities referred to is pointed out in the opinion of Earl, J., in the case last cited. The learned judge, discussing the competency of the evidence as to the value of services, where one party denies the special agreement claimed to have been made by the other, said:

"The defendants seem to rely for the exclusion of such evidence mainly upon the case of Marsh v. Holbrook, 3 Abb. Dec. 176, where the plaintiff claimed a special agreement whereby the defendants agreed to pay him for legal services the sum of $5,000, 'if he got the case.' Upon the trial, the defendants did not dispute the special agreement, and in fact admitted it. Under' such circumstances the court did not err in excluding evidence as to the value of the services. If the defendants in that case had disputed the special agreement, and then, as bearing upon the existence of such an agreement, had offered to show the value of the services, a different question would have been presented for the consideration of the court."

We are unable to say, especially in view of the verdict rendered by the jury, that the evidence thus received by the trial judge as to the value of the casing may not have affected the verdict. Hence, without considering other questions raised by the learned counsel for the appellant, we think that the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.