ÆTNA HEATING Co., INC., Appellant, *v.* ANTOINETTE F. WRIGHT, Respondent.

Supreme Court, Appellate Term, First Department, March 9, 1933.

*Thomas E. Shea,* for the appellant.

*Harold M. Phillips [Alvin R. Cowan* of counsel], for the respondent.

UNTERMYER, J. In this action to recover for certain heating equipment the complaint contained one cause of action upon an express contract and one cause of action for the reasonable value. At the trial the plaintiff was required to elect upon which of these two causes of action it would proceed. The plaintiff elected to proceed upon an express contract and the court, finding that no express contract had been made, granted judgment in favor of the defendant.

The plaintiff should not have been required to make this election, which resulted in the dismissal of its complaint, because the particular theory elected was found not to be sustained. A plaintiff in these circumstances may not only plead his cause of action upon both theories (*Rubin* v. *Cohen,* 129 App. Div. 395), but at the trial he may also offer proof in support of both theories and submit both for determination to the court or jury, as the case may be. It was directly so held in *Byrne* v. *Gillies Co.* (144 App. Div. 677), a decision which seems consistent with a just and expedient result, for it permits the determination of the entire controversy within

the compass of a single suit. It thus enables judgment to be rendered upon the express contract, if such a contract is found to have been made, and, if not so found, it enables judgment to be rendered for the reasonable value of any services or materials supplied at the defendant's request. (See *Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.*, 173 App. Div. 113; cited and approved, *McKeon* v. *Van Slyck*, 223 N. Y. 392, 399.)

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

All concur; present, LYDON, FRANKENTHALER and UNTERMYER, JJ.