IRVING I. PARVER, Respondent, *v.* MATTHEWS-KADETSKY Co., INC., Appellant.

First Department, June 29, 1934.

*I. Gainsburg* of counsel [*J. Lester Fierman*, attorney], for the appellant.

*Harry Bijur* of counsel [*Bijur & Herts*, attorneys], for the respondent.

UNTERMYER, J. The complaint contains three causes of action upon three contracts for the years 1928, 1929 and 1930 whereby the defendant agreed to pay the plaintiff a commission of seven per cent on sales within territory allotted to the plaintiff as the defendant's exclusive sales representative, and a fourth cause of action for damages for wrongful discharge by the defendant on June 30, 1930. The answer, in addition to denials, pleads an accord and satisfaction as to the first and second causes of action for commissions earned during the years 1928 and 1929 and also sets up the Statute of Frauds (Pers. Prop. Law, § 31) as a defense to each of the four causes of action on the ground that the agreements alleged in the complaint are not in writing and were not to be performed within a year from the making thereof.

After both parties had rested on the four causes of action contained in the complaint, the plaintiff, at the suggestion of the court and against the defendant's objection, was permitted to amend the complaint to allege, in addition to the causes of action on express contract, causes of action for the reasonable value of the plaintiff's services. However, no further proof was offered by either party on the question of the reasonable value of the plaintiff's services, both parties resting on the evidence previously introduced. The court then submitted the case to the jury both upon the theory of express contract and on the theory of *quantum meruit*, instructing the jury that if the express contracts were within the Statute of Frauds they might, nevertheless, return a verdict in favor of the plaintiff for the reasonable value of his services. To this portion of the charge an exception was taken by the defendant. The jury returned a verdict in favor of the plaintiff, which, it is conceded by the respondent in his brief on this appeal, "was in *quantum meruit* and represented its finding of the value of the services rendered by plaintiff over and above the amounts that he had received on account from the defendant." This also appears from the amount of the verdict and from the colloquy between the court and one of the jurors after the verdict was returned.

It may well be doubted whether the court should have submitted to the jury the issues arising on the express verbal contracts which by their terms were not to be performed within a year. The court seems to have been of the opinion that a restatement of the terms of those contracts within the year, to which

the plaintiff testified, would exclude them from the operation of the Statute of Frauds. But where a verbal contract by its terms is not to be performed within a year, the circumstance that it is restated or confirmed without modification within the year does not remove it from the operation of the statute. (*Odell* v. *Webendorfer*, 50 App. Div. 579; 60 id. 460; *Berrien* v. *Southack*, 7 N. Y. Supp. 324; *Goldberg* v. *Cohen*, 110 id. 185; *Wanamaker* v. *Rhomer*, 23 N. Y. Wkly. Dig. 60; *McGovern* v. *Elize, Inc.*, 137 Misc. 599.) However, in view of the concession of both counsel on this appeal that the verdict was not upon express contract, the error in submitting the case to the jury on that theory is not material if the verdict rendered on the theory of *quantum meruit* can be sustained.

We are of the opinion that the verdict cannot be sustained. Where an express contract is unenforcible by reason of the Statute of Frauds, a plaintiff may nevertheless recover the reasonable value of any services which he has performed. (*Galvin* v. *Prentice*, 45 N. Y. 162; *Harmon* v. *Peats Co.*, 243 id. 473.) " The party who refuses to go on with the contract after having derived a benefit by a part performance must pay for what he has received." (*Lockwood* v. *Barnes*, 3 Hill, 128.) In proceeding on this theory the plaintiff elects to disregard the verbal contract and to treat it as a nullity. To succeed upon that theory he cannot rely on the contract as evidence of the value of the services. The rule is otherwise where the contract is not within the statute. (*Ludlow* v. *Dole*, 62 N. Y. 617.) That distinction and the reason for the rule were fully considered in *Erben* v. *Lorillard* (19 N. Y. 299), where the court said: " When the agreement fixing the compensation is void, it furnishes no evidence of value. The parties are presumed to know the law, and to understand that such compensation cannot be recovered. Their position is the same in a legal view as though no agreement as to the amount of compensation had been made in fact, as there has been none in law. Were it otherwise, and had the plaintiff the right to prove the value of the land as showing the value of the services, according to the understanding of the parties, such value would constitute the rule of damages, and thus the plaintiff would receive the full benefit of the bargain. At all events, if the evidence is proper, the jury may adopt that as the value of the services, and thus effect the same result. Under such a rule the statute would afford but little protection to the defendant." To the same effect see *Harsha* v. *Reid* (45 N. Y. 415) and *Johnson* v. *Sherman* (30 App. Div. 82). Here the record is devoid of evidence of the value of the plaintiff's services, except the percentage of seven per cent upon sales to which the contract, if valid, would have entitled him. But for

the reasons stated the amount which the plaintiff was entitled to recover on a *quantum meruit* was not measured by the special contract percentage which was contingent upon sales, but by the fair value of the services of which the defendant had received the benefit. (*Galvin* v. *Prentice, supra; Matter of Snyder,* 190 N. Y. 66.) That value the plaintiff did not prove.

We are further of opinion that it was error to allow the complaint to be amended at the very conclusion of the case and after both parties had rested. Unlike *McKeon* v. *Van Slyck* (223 N. Y. 392) and *Ætna Heating Co., Inc.,* v. *Wright* (146 Misc. 769), the complaint here contains no allegation of the value of the plaintiff's services but proceeds exclusively on the theory of special contract. The plaintiff's evidence was offered entirely on that theory, entitling the plaintiff to seven per cent upon sales, if he was entitled to recover at all. On that issue the reasonable value of the plaintiff's services was wholly immaterial (*Van Orden* v. *Fox,* 32 App. Div. 173), and consequently neither party attempted to offer such evidence. If that issue had been presented by the pleadings or the proof the defendant might have been able to establish that the fair value of the plaintiff's services was less than the contingent compensation to which the contract would have entitled him. The effect of the amendment was to introduce an issue at the very conclusion of the case which was not tendered by the pleadings nor litigated at the trial and which the defendant had never been afforded an opportunity to meet. (See *Gribble* v. *Van Praag Supply Co.,* 124 App. Div. 829.)

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.