Edgar D. Newkirk, Plaintiff, *v.* C. C. Bradley & Son, Inc., Defendant.

Supreme Court, Special Term, Onondaga County, November 20, 1947.

*Benjamin E. Shove* for defendant.

*William E. Martin* for plaintiff.

Searl, J. By an order to show cause, defendant seeks an order to compel plaintiff to serve a second amended complaint, or to strike out certain portions of the amended complaint as irrelevant, unnecessary and prejudicial.

To approach a decision, we must sketch briefly preceding litigation. The action was originally brought on an alleged oral contract to recover sums of money to which plaintiff claimed to be entitled for obtaining the service for defendant of one Arthur J. Briggs, inventor of certain machinery, also payment for aiding in the equipment of defendant's shop, and engaging in the sale of the Briggs Milling Machine. Plaintiff's original complaint alleged that defendant ceased manufacturing the machine in 1943 and failed to compensate plaintiff according to agreement.

Defendant moved to dismiss the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. That motion was denied. On appeal, the Appellate Division, Fourth Department, affirmed that order with leave to the plaintiff to serve an amended complaint and to the defendant to serve an amended answer. (271 App. Div. 658, opinion by Larkin, J.)

An amended complaint has been served. Defendant complains that this amended complaint again contains two alleged causes of action, one based upon contract and the other seeking recovery by way of *quantum meruit.*

Defendant urges that the action for breach of an oral contract has already been disposed of by the Appellate Division. The plaintiff urges that he seeks recovery only on the theory of *quantum meruit,* but claims that the jury may consider upon trial of the action any oral contract as to commissions to be paid plaintiff as evidenced by conversations relating to the oral contract. Defendant urges against this on the theory that even though the court cannot submit to the jury any question of breach of an oral contract, still, if such evidence is received, it must of necessity set up some figure in the mind of the jury that will unconsciously serve as a standard for the jury to adopt, to the harm of the defendant. This instant motion follows, therefore, seeking to compel plaintiff to serve a second amended complaint, or to strike out certain objectionable portions of the present amended complaint. To save time, and prevent, if possible, further preliminary litigation, the court will adopt the latter course, for reasons presently to be set forth.

The leading case is that of *Erben* v. *Lorillard* (19 N. Y. 299). There plaintiff's action was one to recover compensation for services rendered in negotiating purchase of real estate for the defendant, with a general denial of employment. Plaintiff gave evidence to indicate a promise by defendant to give plaintiff a lease of the property, if acquired, for twenty-one years, at a rate of 8% based on the purchase price, as rent. The Court of Appeals held such evidence inadmissible, saying: " * * * had the plaintiff the right to prove the value of the land as showing the value of the services, according to the understanding of the parties, such value would constitute the rule of damages, and thus the plaintiff would receive the full benefit of the bargain."

In *Parver* v. *Matthews-Kadetsky Co.* (242 App. Div. 1) the plaintiff received a verdict based on *quantum meruit.* Plaintiff had also plead an express contract, but the court submitted the question of *quantum meruit* only. There was no evidence of the value of plaintiff's services except what the jury might infer from testimony that plaintiff was to receive 7% upon sales, based on an express contract. The appellate court reversed on the ground that therefore no value of plaintiff's services was offered to justify the verdict of $2,000 rendered. (See, also, *Elsfelder* v. *Cournand,* 270 App. Div. 162; *Emery* v. *Smith,* 46 N. H. 151; *McElroy* v. *Ludlum,* 32 N. J. Eq. 828.)

It may be argued by plaintiff that the irrelevant allegations in the complaint, relating to the express oral contract can do no harm, that the trial justice can properly exclude any irrele-

vant or improper testimony. The difficulty is that the pleadings are always before the court and may be before the jury. By striking out certain allegations of the complaint, this danger will be removed, without harm to either party.

For the reasons already stated, an order may enter striking out the 5th, 7th, 10th, and 11th paragraphs of plaintiff's amended complaint; so much of the 8th paragraph following " and as a result thereof "; the 9th paragraph may be stricken out and the following substituted therefor: " 9. That on or about the 1st day of April, 1942, the plaintiff herein duly and regularly made a demand upon the defendant herein, its officers and agents for payment of services performed, which defendant refused, except as to the extent of $1,350."