Callahan, J.
The principal question in this case is whether a prior judgment in favor of the defendant estops the plaintiffs from bringing this action under the principle of res judicata.
The plaintiffs were formerly employed by the defendant as sales managers and sue to recover a bonus or commissions in addition to fixed salary under an ‘ ‘ Incentive Sales Program ’ \ They assert a right to such commissions payable on the basis of a percentage of sales in excess of quotas established by the employer.
The complaint pleads alternative causes of action in contract and quantum meruit. The latter (except as to one plaintiff) are predicated on the same agreements alleged in the causes of action sounding in contract and seek recovery for the agreed and reasonable value of the services rendered by the plaintiffs over and above a fixed salary or wages at a percentage commission of net sales beyond a certain quota.
The prior action resulting in judgment for the defendant was brought on a complaint alleging the same factual claims and relying on an oral contract between the parties. The defendant moved to dismiss the complaint in that action on the ground that the agreement violated the Statute of Frauds. The plaintiffs opposed the motion and asserted the existence of writings or letters in the files of the defendant sufficient to meet the requirements of the statute. The plaintiffs, however, failed to produce any proof as to the actual existence of such memo *267 randa. The court accordingly dismissed the complaint on the merits, and a judgment to that effect was entered in the former suit.- There was no appeal from such judgment, which stands in full force and effect.
The Special Term has held that this judgment on the merits is not a bar to the present action for the reason that it was entered on motion under rule 107 of the Rules of Civil Practice. We cannot agree with this conclusion. The dismissal of the earlier complaint was not for failure to state a cause of action. There was a factual determination of insufficient memoranda to satisfy the Statute of Frauds, and the complaint dismissed on the ground that the causes of action on behalf of the several plaintiffs were not provable against the defense of the statute. Though the facts underlying such determination were supplied by affidavits instead of oral testimony, we think that a judgment on the merits entered on such motion would be a bar to a second suit if there is sufficient identity between the causes of action alleged in the two complaints. While a decision on a motion relating to an intermediate step in an action is not ordinarily a final adjudication of the issues (Bannon v. Bannon, 270 N. Y. 484), the decision in respect to the first complaint did not simply determine an intermediate step in the action but directed judgment finally disposing of the case. This decision on the merits is a bar to a second suit. Its correctness must be conclusively assumed in the absence of appeal.
If the dismissal of the prior complaint had been ordered on a motion in the nature of a demurrer addressed to the sufficiency of the pleading, a different rule would apply. As the merits are not considered on such motion, a determination dismissing the complaint for insufficiency on its face would not bar a second suit based on a sufficient complaint (Joannes Bros. Co. v. Lamborn, 237 N. Y. 207, 209).
In respect to the causes of action on contract the present complaint merely alleges that a method or basis of compensation was put into effect between the parties “ by agreement and by letters in writing, signed by the duly constituted Agent of the Defendant The plaintiffs have produced copies of four such letters sent to two of their number and another person not a party to the action. The most that can be said for the defendant’s letters is that they contain statements in the nature of admissions as to a plan for compensation on a bonus incentive basis and the making of such an arrangement with the recipients of the correspondence. They also indicate that this plan was to apply generally to all territorial sales managers. The letters, *268 however, are not conclusive as to whether the plaintiffs’ employment under the alleged bonus plan was pursuant to oral or written agreement. If the plaintiffs are proceeding on an oral contract, the prior judgment in favor of the defendant clearly constitutes an estoppel. The subject matter of both actions is identical; the same employment, the same breach, and the same damages are involved. If we assume that the plaintiffs intend to base the contract counts of the complaint on an agreement in writing with the defendant, it is enough to say that the letters do not admit the existence of a written contract with any of the plaintiffs and are themselves insufficient to constitute such agreement. There is nothing in this record to show a valid and enforcible contract in writing between the parties.. This makes it unnecessary to determine whether.the result would be the same if the contract causes of action as alleged in the complaint were supported by allegations or proof of a writing signed by the defendant sufficiently complete and definite in its terms to satisfy the Statute of Frauds.
There remains for consideration the plaintiffs’ causes of action in quantum meruit. The defendant concedes that the plaintiffs may resort to quantum meruit even after an unsuccessful suit in contract. (See Elsfelder v. Cournand, 270 App. Div. 162.) The question, however, is whether these counts have been properly pleaded so as to withstand the defendant’s motion to dismiss. They appear to be based on the identical agreement alleged under the contract causes of action. The allegations thereof replead the terms and conditions of the bonus or commission arrangement for a percentage of net sales based on a quota. It would seem that the quantum meruit counts in their present form are actually duplications and reiterations of the causes of action in contract. They are affected by the same considerations that serve to defeat the latter in this action and are improperly pleaded in any event as alleging a special contract between the parties. In this connection, too, it is well to point out that if the bonus or commission agreement were oral, the quantum meruit allegations of the complaint based on the provisions of such alleged contract must fall. An agreement that is void under the Statute of Frauds cannot be the foundation of an action. (See Dung v. Parker, 52 N. Y. 494; Erben v. Lorillard, 19 N. Y. 299; Parver v. Matthews-Kadetsky Co., 242 App. Div. 1; Newkirk v. Bradley & Son, 191 Misc. 66.) The plaintiffs, however, may each have a cause of action in quantum meruit that can be established independently of any express agreement with the defendant. If so, they may plead the same *269 in a proper manner by way of an amended complaint alleging the rendition of services at the request of the defendant and their reasonable value.
The order appealed from should be reversed, with $20 costs and disbursements, and the complaint dismissed, with leave to the plaintiffs to serve an amended complaint.
• Peck, P. J., Glennon, Cohn and Van Vooehis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the complaint dismissed, with leave to the plaintiffs to serve an amended complaint within ten days after service of the order, with notice of entry thereof, on payment of said costs. Settle order on notice.