■ MICHAEL R. SCHLANGER, Respondent, v. TAMARA COWAN et al., Appellants.— Judgment unanimously affirmed, with costs to respondent. The defendants appeal upon a record which does not include the evidence at the trial but consists of the pleadings, judgment and oral decision of the court delivered at the conclusion of the nonjury trial. Plaintiff originally sought to recover for services rendered based upon two causes of action — the first alleging a contract and the second on quantum meruit. The first cause was dismissed upon a finding that the contract was oral and unenforcible under the Statute of Frauds. The terms of this contract, however, fixed the value of plaintiff's services at $7\frac{1}{2}\%$ of gross sales. Upon the trial proof was offered under the remaining cause that the fair and reasonable value of the services was $12\frac{1}{2}\%$ of such sales. In its oral decision the trial court reviewed these facts and in passing observed that while the contract was unenforcible, it appeared therefrom the value of the services had been fixed by the parties at $7\frac{1}{2}\%$ of sales. The amount of plaintiff's recovery was measured by that percentage instead of $12\frac{1}{2}\%$. Defendants upon this appeal rely upon exceptions to rulings upon questions of law made by the trial court in its oral decision. In substance they contend that when an agreement is unenforcible by reason of the Statute of Frauds its provisions as to compensation furnish no proof of values in an action to recover on quantum meruit. (Cf. Erben v. Lorillard, 19 N. Y. 299; Parver v. Matthews-Kadetsky Co., 242 App. Div. 1.) Assuming the correctness of this general principle, we are unable to see where defendants are aggrieved by the determination made. There was clear proof that the

fair value of plaintiff's services was 12½% of gross sales. In the face of this evidence the trial court, in the light of all the evidence, reduced the award to 7½% of such sales. It is true that this was the percentage fixed by the oral agreement, but, in addition, the court found that the additional 5% claimed by plaintiff was not for the purpose of compensation. While the imprecise language of the informal decision may be confusing, it may be found by a careful reading thereof that a finding was made independent of the oral agreement that the fair value of the services was 7½% of the gross sales. Concur — Botein, P. J., Breitel, McNally, Eager and Bastow, JJ.