MURRAY ISAACS, Respondent, v INCENTIVE SYSTEMS, INC., Now Known as ISI-WOODWARD, RYAN, SHARP AND DAVIS, INC., Appellant.—Judgment, Supreme Court, New York County, entered June 6, 1975 unanimously affirmed, without costs and without disbursements. On defendant's motion, the claim on an express contract for compensation for services was dismissed as failing to comply with the provisions of the Statute of Frauds relating to contracts which by their terms are not to be performed within one year. (General Obligations Law, § 5-701, subd 1.) Thus defendant was precluded from relying upon that express contract to measure plaintiff's recovery. The parties did not attempt to try out below nor have they argued in this court the question whether there was some other true contract, express or implied in fact, which was not void under the Statute of Frauds, and under which plaintiff has been fully paid. Thus plaintiff became entitled to recover the reasonable value of services rendered, on the basis of a contract implied in law, i.e., quasi contract. *(Maemone v Koren-DiResta Constr. Co.,* 45 AD2d 684; *Silberberg v Haber,* 42 AD2d 552.) Apparently acting on this principle, Justice Massi, who granted the motion to dismiss under the Statute of Frauds, stated that plaintiff was not precluded from seeking recovery for the reasonable value of services rendered by him. The issue of the reasonable value of services was then tried before Justice Fein below. The evidence was not very satisfactory. "But when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain. * * * It is usually his [the injured party] right to prove the nature of his contract, the circumstances surrounding and following its breach, and the consequences naturally and plainly traceable to it, and then it is for the jury, under proper instructions as to the rules of damages, to determine the compensation to be awarded for the breach." *(Wakeman v Wheeler & Wilson Mfg. Co.,* 101 NY 205, 209–210.) Here there was "some reasonable standard of computation." *(Dunkel v McDonald,* 272 App Div 267, 271.) Applying that reasonable standard of computation, the Trial Judge sitting as trier of the facts arrived at a figure for reasonable value of compensation for which he has directed judgment. The evidence submitted is reasonably susceptible of his finding and we see no reason to disturb it. Nor is plaintiff's failure to complain about the amounts he received during

the four years of his employment a bar to his recovery on a quasi contract implied in law. Expecting to be paid on the basis of an express contract and, so far as he knew, being paid upon the basis of the express contract, he could hardly be expected to complain that he was not being paid on the basis of an obligation implied by the law after defendant repudiated the express contract, an obligation which "is not a contract or promise at all" and which "is fictitiously deemed contractual, in order to fit the cause of action to the contractual remedy." *(Miller v Schloss,* 218 NY 400, 407.) The sum awarded below being "because of a breach of performance of a contract," albeit a contract implied in law, plaintiff was properly awarded interest on the recovery. (CPLR 5001.) Concur—Kupferman, J. P., Birns, Silverman, Lane and Nunez, JJ.