■ TAYLOR & JENNINGS, INC., Respondent, v BELLINO BROTHERS CONSTRUCTION COMPANY, INC., Appellant. (Action No. 1.) BELLINO BROTHERS CONSTRUCTION COMPANY, INC., Appellant, v TRAVELERS INDEMNITY COMPANY, Defendant and Third-Party Plaintiff-Respondent. TAYLOR & JENNINGS, INC., et al., Third-Party Defendants. (Action No. 2.) — Appeal from a judgment of the Supreme Court in favor of plaintiff in action No. 1 and defendant in action No. 2, entered November 17, 1983 in Chenango County, upon a decision of the court at Trial Term (Lee, Jr., J.), without a jury.

Prior to July 2, 1970, Bellino Brothers Construction Company, Inc. (Bellino) entered into a prime contract with the Borough of Naugatuck, Connecticut, to construct a public improvement identified as "Naugatuck-Middlebury Interceptors, Contract No. 1, Rubber Avenue Intercepting Sewer, Borough of Naugatuck, Connecticut"; work commenced in May, 1970. On or about July 2, 1970, Bellino subcontracted a portion of the prime contract work consisting of laying 3,276.01 lineal feet of concrete sewer pipe and installing 21 concrete manholes to Taylor & Jennings, Inc. (Taylor). Work continued until October 21, 1970, when Taylor left the job following a confrontation with Bellino over the differences between the unit prices for work specified in the prime contract and the unit prices specified in the subcontract. At that time, Taylor had installed 2,293.20 lineal feet of pipe and 14 manholes. Taylor commenced action No. 1 alleging six causes of action, including rescission, fraud, *quantum meruit,* fraudulent inducement and breach of contract.

Bellino commenced action No. 2 against Travelers Indemnity Company, Taylor's surety bonding company, which, in turn, commenced a third-party action against Taylor and its officers and shareholders individually. After a nonjury trial, judgment was granted in favor of Taylor for $68,163.23 plus interest, totaling $169,856.40, and the complaint in action No. 2 together with the third-party complaint was dismissed. Bellino has appealed.

Bellino first contends that the trial court erred in finding fraud because the proof failed to demonstrate that Taylor relied upon any representations made. The record belies this contention. The testimony showed that Taylor's preparation of its own list of unit prices was in fact only "practice", done at Bellino's suggestion, and that, in fact, the parties agreed after discussions that the unit prices set forth in Bellino's prime contract with Naugatuck, less 10% and allowance for material, would be the unit prices in the subcontract. The testimony further showed that Bellino represented it was helping Taylor get started in this type business and that Taylor considered Bellino friendly and relied on its honesty and good faith. Further, it is undisputed that the prime contract unit prices were never shown or given to Taylor until Taylor accidentally obtained them during construction, and that such prices were considerably higher than those in the subcontract. There was also proof that the owner's consent to the subcontract as required was never obtained. In fact, Taylor's employees were carried on Bellino's payroll and identification decals on Taylor's equipment were removed to conceal the subcontract from the owner. In short, the record contains sufficient proof to support the finding that Taylor relied upon Bellino's representations which were found to have been fraudulent. Appellate courts are reluctant to overturn findings of fact based on the credibility of witnesses or to substitute their judgment for that of the trial court (*Matter of Van Alstyne v David Q.*, 92 AD2d 971; *Matter of Poggemeyer*, 87 AD2d 822).

Bellino's further contention that recovery cannot be made on a *quantum meruit* basis when an express contract between the parties exists is not persuasive. Since the trial court correctly voided the subcontract as induced by fraud (see *Adams v Gillig*, 199 NY 314, 317; *Mix v Neff*, 99 AD2d 180, 182-183), recovery under the equitable doctrine of *quantum meruit* was proper (see 22 NY Jur 2d, Contracts, § 543, pp 547-550), as was use of the contract price to evidence the reasonable value of the work performed (see 3 Williston, Contracts [3d ed], § 536, pp 836-839). We further find Bellino's action against Traveler's Indemnity Company was properly dismissed since the judgment in favor of

Taylor, the principal on the bond issued by Travelers, voided the subcontract for fraudulent inducement. That contract having been voided, so also was Travelers' performance bond which depended upon the existence and vitality of the subcontract and covered only obligations under the subcontract (see *American Trading Co. v Fish,* 42 NY2d 20, 27).

We have examined the remaining arguments raised by Bellino and find them unpersuasive.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.