Michael ZAITSEV, Plaintiff–Appellant,

v.

**SALOMON BROTHERS, INC.,**
Defendant–Appellee.

No. 1792. Docket 94–9335.

United States Court of Appeals,
Second Circuit.

Argued June 2, 1995.

Decided July 27, 1995.

Eric Vaughn Flam, Selverne & Flam, New York City, for plaintiff-appellant.

Timothy J. Helwick, Sullivan & Cromwell, New York City (Theodore O. Rogers, Jr., of counsel) for defendant-appellee.

Before: NEWMAN, McLAUGHLIN, and LAY,* Circuit Judges.

McLAUGHLIN, Circuit Judge:

Michael Zaitsev claims to have entered into an oral employment contract with Salomon Brothers, Inc. for a minimum of five years at an annual salary of $100,000 and with a guaranteed annual bonus of at least $400,000. When Salomon fired him after just fourteen months' employment (and having paid him no bonus), Zaitsev sued in the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*) for, *inter alia*, breach of oral contract, violation of state labor law, and unjust enrichment. The district court granted summary judgment to Salomon, holding that the oral contract was barred by the Statute of Frauds and dismissing the other claims. *See Zaitsev v. Salomon Brothers, Inc. and Hans Hufschmid*, No. 92 Civ. 9394, 1994 WL

361463, 1994 U.S.Dist. LEXIS 9220 (S.D.N.Y. July 8, 1994). Zaitsev appeals.

## BACKGROUND

Salomon Brothers engages in investment banking and securities and commodities trading, including foreign exchange trading. Before he was recruited by Salomon, Michael Zaitsev, a citizen of the former Union of Soviet Socialist Republics, worked in Moscow's Bank of Foreign Economic Affairs.

According to Zaitsev, Paul Mozer, a former Salomon managing director, and Robert Franklin, a former Salomon foreign exchange trader, entered into an oral contract with him on behalf of Salomon in February 1990. Zaitsev's version of the agreement is that Salomon hired him as a foreign exchange trader in New York for a minimum of five years and a maximum of ten years, with an annual salary of $100,000 and with a guaranteed annual bonus of at least $400,000. He claims that the agreement permitted Zaitsev to resign for any reason upon 60 days' notice, while Salomon, on the other hand, could fire Zaitsev only for (according to Zaitsev's complaint)

(i) failure of SALOMON BROTHERS to obtain on MICHAEL ZAITSEV'S behalf, an H–1 Visa or other valid Alien Employment Certification;

(ii) any conduct on the part of MICHAEL ZAITSEV directly resulting in the revocation of the said H–1 Visa or Alien Employment Certification, or

(iii) intentional misconduct or gross negligence committed by MICHAEL ZAITSEV in connection with his employment.

Zaitsev began work in Salomon's New York office in October, 1990. He claims that he provided information to Salomon about Soviet banking activity which generated substantial revenue for the firm. Salomon denies this, alleging that Zaitsev, in fact, lost over $7 million in foreign trades. In any event, Zaitsev was fired on December 6, 1991.

Zaitsev sued Salomon and one of its corporate officers for breach of oral contract,

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

fraud, unjust enrichment, tortious interference with an employment contract, violation of New York state labor law, and discrimination based on national origin. Salomon denied the existence of any oral contract. Relying on an employment application Zaitsev signed, it claimed that he was an at-will employee, with an annual salary of $100,000 and no guarantee of any bonus whatever.

After discovery, each party moved for partial summary judgment. Zaitsev submitted an affidavit from Robert Franklin (who was no longer employed by Salomon) corroborating the oral contract alleged by Zaitsev. Nevertheless, the district court granted defendants' motion and denied Zaitsev's, holding that the oral contract was unenforceable under the Statute of Frauds because it could not be performed within one year. *See Zaitsev v. Salomon Brothers, Inc. and Hans Hufschmid*, 1994 WL 361463, 1994 U.S.Dist. LEXIS 9220.

The court also granted summary judgment to Salomon on Zaitsev's claims for fraud, unjust enrichment, tortious interference with an employment contract, and violations of state labor law. The parties then stipulated to the dismissal of Zaitsev's remaining claims so that a final judgment could be entered, and to the dismissal of the corporate officer as a party to the litigation. Zaitsev now appeals only from the dismissal of his claims for breach of oral contract, state labor law violations, and unjust enrichment.

## DISCUSSION

### I. *Statute of Frauds*

#### A. *The oral contract*

■ The parties agree that New York law controls. Under the New York Statute of Frauds,

a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime.

N.Y.Gen.Oblig.Law § 5–701(a)(1) (McKinney 1989). A contract that is "capable" of being performed within one year of its making is outside the statute. *North Shore Bottling Co. v. C. Schmidt and Sons, Inc.*, 22 N.Y.2d 171, 176, 292 N.Y.S.2d 86, 89, 239 N.E.2d 189, 191 (1968).

Relying on the contractual provisions concerning his work visa, *supra*, Zaitsev contends that his oral contract with Salomon was capable of being performed in one year.

■ First, he argues that Salomon might have been unable to obtain a work visa for him for some reason (he does not specify what that reason might be) and, consequently, could have terminated the agreement. If Salomon were unable to obtain the visa, however, it could not legally employ Zaitsev. Thus, rather than being capable of performance within one year, the contract would be incapable of being performed at all. *See, e.g., McCoy v. Edison Price, Inc.*, 186 A.D.2d 442, 443, 588 N.Y.S.2d 566, 566 (1st Dep't 1992) ("Where the alleged oral agreement only may be terminated within one year upon a breach thereof or non-performance, it is not exempt from the Statute of Frauds....").

■ Second, Zaitsev argues under provision (ii) of the alleged agreement that Salomon could terminate the contract if he engaged in conduct which (a) resulted in the revocation of his visa, but (b) was not a breach of the contract. Under New York law, however, if performance within one year depends upon an act solely within the control of the party seeking to enforce the oral agreement, the Statute of Frauds remains applicable. *Sawyer v. Sickinger*, 47 A.D.2d 291, 294, 366 N.Y.S.2d 435, 438 (1st Dep't 1975). The power to engage in conduct that would result in the revocation of his work visa plainly rested with Zaitsev alone. Accordingly, the Statute of Frauds applies.

Third, Zaitsev argues that Salomon could have withdrawn Zaitsev's visa application at any time and for any reason, thereby terminating the contract. The contract alleged by Zaitsev, however, contains no such provision.

To the contrary, provision (i) fairly contemplates that Salomon would make a good faith effort to obtain the work visa for Zaitsev.

### B. Sufficiency of the writings

█ Alternatively, Zaitsev argues that there are writings which, when cobbled together, are sufficient to satisfy the Statute of Frauds. These writings consist of (1) a "formal letter of invitation" from Mozer to Zaitsev, inviting Zaitsev to work for Salomon, and (2) various letters from Salomon to immigration officials.

█ To satisfy the Statute of Frauds, the writings must "completely evidence the contract which the parties made." *Poel v. Brunswick–Balke–Collender Co.*, 216 N.Y. 310, 314, 110 N.E. 619, 620 (1915). The essential terms of an employment contract include compensation and duration. *See Crabtree v. Elizabeth Arden Sales Corp.*, 305 N.Y. 48, 54, 110 N.E.2d 551, 553 (1953). While the writings Zaitsev relies upon refer to an "annualized base salary of $100,000 (exclusive of company bonus)" and a "temporary three year assignment," Zaitsev concedes, as he must, that none of the writings mentions a guaranteed annual bonus of $400,000 or a minimum term of employment of five years. Accordingly, essential terms are missing from the writings, and the Statute of Frauds is not satisfied.

### C. State labor law claims

█ Because Zaitsev can prove no contract that will satisfy the Statute of Frauds, his claim of unpaid wages under New York Labor Law § 190 *et seq.* was properly dismissed. *See Tierney v. Capricorn Investors, L.P.*, 189 A.D.2d 629, 632, 592 N.Y.S.2d 700, 703 (1st Dep't) ("The plaintiff cannot assert a statutory claim to wages under the Labor Law if he has no enforceable contractual right to those wages."), *appeal denied*, 81 N.Y.2d 710, 599 N.Y.S.2d 804, 616 N.E.2d 159 (1993).

### II. Unjust enrichment

█ As an alternative ground for recovery, Zaitsev relies on a theory of unjust enrichment. The district court dismissed the claim because Zaitsev "provide[d] no evidence from which a reasonable jury could conclude that his $100,000 salary did not constitute the reasonable value of his services as a senior consultant/trader." *Zaitsev v. Salomon Brothers, Inc. and Hans Hufschmid*, 1994 WL 361463, 1994 U.S.Dist. LEXIS 9220. Zaitsev argues that his (unenforceable) oral contract—specifically, the provision for an annual $400,000 bonus—is admissible to prove the value of his services in *quantum meruit.*

We disagree. Under New York law, a contract that is unenforceable under the Statute of Frauds is inadmissible as evidence of the reasonable value of services. *Isaacs v. Incentive Systems, Inc.*, 52 A.D.2d 550, 550, 382 N.Y.S.2d 69, 70 (1st Dep't 1976); *see Longo v. Shore & Reich, Ltd.*, 25 F.3d 94, 97 (2d Cir.1994) (relying on *Isaacs* in interpreting New York law); *Schlanger v. Cowan*, 13 A.D.2d 739, 739, 214 N.Y.S.2d 784, 785 (1st Dep't 1961); *Parver v. Matthews–Kadetsky Co.*, 242 A.D. 1, 3, 273 N.Y.S. 44, 46 (1st Dep't 1934); *see also Erben v. Lorillard*, 19 N.Y. 299, 302 (1859).

Zaitsev relies on certain cases in which the plaintiff *was* permitted to use the terms of a contract to prove the reasonable value of services rendered. All of his cases, however, are inapposite because they involved written contracts that raised no problems with the Statute of Frauds, but were unenforceable for other reasons. *See In re Tillman*, 259 N.Y. 133, 181 N.E. 75 (1932) (written attorney's fees contract); *Taylor & Jennings, Inc. v. Bellino Bros. Constr. Co.*, 106 A.D.2d 779, 779–80, 483 N.Y.S.2d 813, 814–15 (3d Dep't 1984) (written construction contract); *Smith v. Brocton Preserving Co.*, 251 A.D. 102, 296 N.Y.S. 281 (4th Dep't 1937) (same); *In re Estate of Montgomery*, 158 Misc. 412, 413, 287 N.Y.S. 136, 136 (Surrogate's Ct. Monroe Cty.1936) (written attorney's fees contract).

### CONCLUSION

We have considered all of Zaitsev's remaining arguments, and find them to be without merit. The district court's decision is AFFIRMED.