104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Paul O. STEINBORN, Plaintiff-Appellant,
v.
DAIWA SECURITIES AMERICA, INC.; Daiwa America Corporation;
Daiwa Securities Co. Ltd.; Ross Taylor; Paul J. Hauser;
Yoshitoki Chino; Sadakane Doi; Magahiro Dogen; Philip
Zachary and George Vasquez, # 1-24, Defendants-Appellees.
 No. 96-7188.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 Appearing for Appellant: Kenneth E. Sheehan, Caesar & Napoli, New York, New York.
 Appearing for Appellee: Michael Delikat, Orrick, Herrington & Sutcliffe, New York, New York.
 Before MESKILL, WINTER, and CABRANES, Circuit Judges.
 
 
 1
 Paul O. Steinborn appeals from Magistrate Judge Katz's grant of summary judgment in favor of Daiwa Securities America, Daiwa America Corporation, Daiwa Securities Co. Ltd. and the individual defendants ("Daiwa"), on his breach of contract claims. Steinborn, who had been terminated by Daiwa after seven months of employment as a foreign exchange trader, sued for back and future wages, commissions, unauthorized charges for an employment agency fee and statutory damages, attorney's fees and prejudgment interest arising out of his alleged two-year employment contract with Daiwa. Magistrate Judge Katz held that the New York Statute of Frauds, N.Y. Gen. Oblig. L. § 5-701(a)(1) (McKinney 1996), barred Steinborn's claim because he failed to proffer any combination of writings that evidenced an employment term. Steinborn v. Daiwa Securities America, Inc., No. 92 Civ. 0782 (S.D.N.Y. Dec. 26, 1995).
 
 
 2
 Steinborn argues that Magistrate Judge Katz erred: (i) by violating the law-of-the-case doctrine in granting summary judgment where Judge Sprizzo, the district court judge initially assigned to the action, had denied summary judgment; and (ii) in granting summary judgment where Steinborn had presented a genuine issue of fact as to the terms of his employment contract. We disagree.
 
 
 3
 Steinborn's argument regarding the law of the case doctrine is irrelevant. Even if a ruling is the law of the case in the district court it does not bind an appellate court in reviewing a judgment. If we agree with Judge Katz on the merits, it would make no sense to reverse in contemplation of further proceedings. If we disagree with his ruling, it would make no sense to reverse on any ground other than the merits.
 
 
 4
 We therefore turn to the merits. Magistrate Judge Katz dismissed on the ground that the Statute of Frauds barred Steinborn's claim because Steinborn failed to proffer any writing or combination of writings that evidenced one of the essential terms of an employment contract--duration. See Zaitsev v. Salomon Brothers, Inc., 60 F.3d 1001, 1004 (2d Cir.1995) (essential terms necessary to satisfy the Statute of Frauds include compensation and duration). We review the record de novo. Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Inc., 967 F.2d 742, 746 (2d Cir.1992).
 
 
 5
 First, Steinborn claims a two-year duration term based on a letter he received that offered him employment at Daiwa. The letter referred to bonus payments made from an "incentive pool," which is a percentage of the Foreign Exchange Department's net revenues. Steinborn argues that because Daiwa's Foreign Exchange Division Pool Agreement ("Forex Agreement") governs the size of the incentive pool, the letter offering employment incorporates the two-year duration of the Forex Agreement into its employment terms. We disagree. The letter makes no mention of the Forex Agreement. In fact, the last paragraph of the letter explicitly denies that it is an employment contract: "This letter does not constitute a contract or guarantee. Employment would be subject to Daiwa Securities America Inc.'s present and future employee policy."
 
 
 6
 Second, Steinborn argues in the alternative, that if we do not accept the two-year duration, we should reject the Statute of Frauds altogether because the employment contract "might not necessarily extend beyond one year." Because the terms of the Forex Agreement were subject to an annual negotiation between Daiwa and the Foreign Exchange Trading Group that occurred eleven months after Steinborn had commenced his job, Steinborn argues, the duration of the Forex Agreement and his employment contract could have terminated after eleven months. Consequently, he argues, the Statute of Frauds is inapplicable. See City of Yonkers v. Otis Elevator Co., 649 F.Supp. 716, 727 (S.D.N.Y.1986), aff'd, 844 F.2d 42 (2d Cir.1988) (Statute of Frauds inapplicable where performance obligations could be discharged within one year). As noted, however, the terms of the Forex Agreement are not incorporated into Steinborn's alleged employment contract. Moreover, Steinborn appears not to have made this argument in the district court.
 
 
 7
 Steinborn having failed to show any writings that create a genuine issue of material fact as to whether he held an employment contract that satisfies the Statute of Frauds, we affirm.