Michael Z. MATTHEW, Petitioner–
Appellant,

v.

PAPUA NEW GUINEA, Respondent–
Appellee.

No. 10–0074–cv.

United States Court of Appeals,
Second Circuit.

Sept. 30, 2010.

Stuart A. Jackson, Maidman and Mittelman LLP, New York, NY, for Petitioner–Appellant.

John A. Basinger (Grant Hanessian, on the brief), Baker & McKenzie LLP, New York, NY, for Respondent–Appellee.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Around October 2002, Petitioner–Appellant Michael Z. Matthew was retained by Respondent–Appellee Papua New Guinea ("PNG") to function as PNG's exclusive representative in attracting foreign investment into the country from North America. The contract between the parties broadly contemplated a commission for Matthew based on the value of the financial opportunity made available to PNG. In lieu of memorializing the exact terms of the commission in writing, however, Matthew relied exclusively on oral representations by PNG's Prime Minister, Sir Michael T. Somare ("PM"). Subsequent to a failed investment endeavor, Matthew sought payment of his commission. With no payment forthcoming, the parties ultimately agreed to refer the matter to arbitration. After fully briefing the dispute, the Arbitrator issued an Interim Award on August 6, 2008 dismissing Matthew's breach of contract claim as barred under the Statute of Frauds, leaving intact Matthew's *quantum meruit* claim. After a further round of briefing, the Arbitrator issued a Final Award dismissing petitioner's *quantum meruit* claim, finding that there was no basis to admit the PM's oral representations about the terms of the commission. The Arbitrator reasoned that the claim must therefore be dismissed because "a record devoid of detail with respect to the services and reasonable value [of the services rendered] ordinarily requires dismissal of a *quantum meruit* claim." J.A. 79. After the Arbitrator denied Matthew's subsequent motion for reconsideration and leave to supplement the record, Matthew

sought to vacate the Arbitrator's award in federal district court. On December 9, 2009, the district court confirmed the Interim and Final Awards (Swain, *J.*). Petitioner now seeks to vacate the district court's judgment confirming the awards for manifest disregard of the law. We assume the parties' familiarity with the additional relevant facts and procedural history of the case.

We review a district court's confirmation of an arbitration award *de novo* and any findings of fact for clear error. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir.2003). However, "[i]t is well established that courts must grant an arbitration panel's decision great deference." *Id.* A party seeking to vacate an arbitration award therefore bears a decidedly heavy burden. Indeed, a reviewing court may not vacate an award "merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 92 (2d Cir.2008), *rev'd on other grounds,* —— U.S. 2010, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) (internal quotation marks and citations omitted). "In the context of contract interpretation, we are required to confirm arbitration awards despite 'serious reservations about the soundness of the arbitrator's reading of the contract.'" *Id.* (quoting *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 216 n. 10 (2d Cir.2002)) (alteration omitted).

Moreover, a party seeking to vacate an arbitration award for manifest disregard of the law faces a high bar. Manifest disregard applies only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Id.* at 91–92 (internal quotation marks omitted). Manifest disregard requires "more than error or misunderstanding with respect to the law" and does not provide a basis for vacatur merely because there exists "an arguable difference regarding the meaning or applicability of laws urged upon it." *Id.* at 92 (alterations and internal quotation marks omitted). Ultimately, the doctrine is "a mechanism to enforce the parties' agreements to arbitrate rather than as judicial review of the arbitrators' decision." *Id.* at 95.

In order to find manifest disregard of the law: (1) we first "consider whether the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators," *Duferco,* 333 F.3d at 390; (2) we must then find that "the law was in fact improperly applied [by the Arbitrator], leading to an erroneous outcome," *id.;* and finally (3) we determine whether "the arbitrator must have known of [the applicable law's] existence, and its applicability to the problem before him," *id.* With respect to the last element, "we impute only knowledge of governing law identified by the parties to the arbitration." *Id.; see also Stolt–Nielsen,* 548 F.3d at 93 (quoting the *Duferco* three-part test in its entirety).

Petitioner here has failed to demonstrate that the Arbitrator manifestly disregarded the law. We have no basis to find reversible error with respect to the Arbitrator's conclusion that the proffered evidence of the commission's material terms—namely the PM's oral representations—was "entitled to no weight." J.A. 81. In light of that determination, the Arbitrator properly applied New York law

 

to dismiss the petitioner's *quantum meruit* claim in the absence of any other evidence of the value of Matthew's services. *See Zaitsev v. Salomon Bros., Inc.*, 60 F.3d 1001, 1004 (2d Cir.1995) ("Under New York law, a contract that is unenforceable under the Statute of Frauds is inadmissible as evidence of the reasonable value of services."). Nor can we credit Matthew's contention that the Arbitrator was obligated to apply New York law for "directed verdicts" by mere mention of it in an unelaborated context. Matthew failed, in any event, to raise this argument before the Arbitrator, and "we impute only knowledge of governing law identified by the parties to the arbitration." *Duferco,* 333 F.3d at 390.

We have considered the petitioner's remaining arguments and find them to be without merit. With substantially more than just a "barely colorable justification for the outcome reached," *Stolt–Nielsen S.A.*, 548 F.3d at 92, and no "egregious impropriety on the part of the arbitrator[ ]," *id.* at 91–92, we conclude that the Arbitrator did not manifestly disregard the law. We therefore **AFFIRM** the judgment of the district court denying Matthew's motion to vacate the underlying arbitration awards.